[No. 18179.    In Bank.—October 2, 1894.]

HELENA WAGNER, RESPONDENT, v. JOHN WAGNER, APPELLANT.

DIVORCE—WILLFUL NEGLECT—PRIOR JUDGMENT WHEN NOT A BAR.—A judgment in favor of the husband, in an action by his wife for a divorce on the ground (of his willful neglect to provide her with the common necessaries of life, is not a bar to a subsequent action brought by her for a divorce on account of his continued neglect to support her for a year, occurring after the entry of such prior judgment.

ID.—OBLIGATION TO SUPPORT WIFE.—The support of his wife is a continuing obligation on the part of the husband, and his failure to meet it is a continuing cause for a divorce, unless there has been an unreasonable lapse of time before the action is commenced; and he is not released from this obligation by a judgment in his favor in an action for a divorce upon this ground.

ID.—FINDING OF WILLFUL NEGLECT.—When a husband is in constant employment for which he receives the ordinary wages of his labor, and refuses or neglects for years to make any provision for the wants of his wife, a court is justified in finding him guilty of willful neglect.

APPEAL from an order of the Superior Court of Sacramento County refusing a new trial.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson*, for Appellant.

*J. H. McKune*, for Respondent.

HARRISON, J.—The plaintiff by this action seeks a divorce from her husband, upon the grounds of desertion, neglect, and cruelty. Each of these grounds is alleged in the complaint as a separate count or cause of action. In the first count plaintiff alleges that the defendant deserted her June 8, 1881, and has, without cause and against her will, continued his desertion since that date. In the second count she alleges that since the eighth day of June, 1881, the defendant has willfully neglected to provide for her the common necessaries of life, although he has had the ability so to do. Upon the allegations of cruelty the court found in favor of the defendant, and this finding is not challenged by either party. The complaint is unverified, and the defendant pleaded a general denial; and as affirmative defenses that at the commencement of the action there was another suit pending between the parties upon the same cause of action; and also that in another action between them for the same cause of action a judgment had been rendered in favor of the defendant prior to the commencement of the present action. The court found that the defendant deserted and abandoned the plaintiff on the first day of June, 1889, and that since that date he had continued his desertion and abandonment, and also that since said date the defendant had willfully neglected to provide for the plaintiff the common necessaries of life, although he had had the ability so to do.

These findings are amply sustained by the evidence. Upon the issue of neglect the plaintiff testified as follows: "Defendant has done nothing towards my support in the last two years. I have not seen him except

here in court at the trial of the last case. Defendant, since June 8, 1881, has not contributed to my support any thing. When my child was born in December, 1881, he came out to see me, and I asked him to give me fifty cents to buy some medicine with, and he refused. He has never had a home since for me to go to. As he went away when my child was born, he asked me when I was coming back to live with him. I told him I would go when he had a home for me. He said that had nothing to do with it, and he has never advised me he had a home for me. . . . . At a former trial defendant did, while on the stand, say, in answer to his attorney, that he wanted me to come back to him, but he did not say he had any place for me. He never had any place for me, and never offered to provide a home for me." It is true that the defendant testified at the present trial: "I offer now in good faith to take her back, and provide for her"; but the court was at liberty to determine whether such statement was in reality made in good faith, and was not bound to accept his statement as conclusive.

Upon the special defenses set up in the answer the court found that there was no action pending between the parties at the commencement of the present action; that the judgment relied upon by the defendant as a bar was rendered in an action commenced on the first day of June, 1889, for causes of action existing at that time; and that said judgment was a bar to all of the acts mentioned in the complaint herein occurring before the commencement of that action, but was not a bar as against any subsequent desertion and neglect.

The facts constituting these special defenses are the following: In 1887 the plaintiff commenced an action for divorce against the defendant, in the county of Yolo, upon the grounds of desertion and neglect, in which she alleged that during all the time since their marriage he had willfully neglected and refused to provide her with the common necessaries of life, although he had the ability so to do; and that on the eighth day of June,

1881, he deserted her, and had ever since lived separate and apart from her. Issues were joined upon these averments, and on May 13, 1889, judgment was entered in his favor. June 1, 1889, the plaintiff commenced another action for divorce against the defendant, in the county of Sacramento, upon the same grounds, alleging in her complaint that the defendant willfully deserted her more than two years before the commencement of that action, and that for more than five years prior to the commencement of the action he had neglected to provide for her the common necessaries of life, although he was abundantly able to do so. Upon issues joined on these averments the superior court of Sacramento county rendered a judgment in favor of the defendant, which was entered October 24, 1889. The present action was commenced January 21, 1891.

The Civil Code, section 105, makes the willful neglect of the husband to provide for his wife the common necessaries of life, when he has the ability so to do, a ground for divorce, if such neglect continues for one year. A judgment in favor of the husband, in an action by the wife for a divorce upon this ground, could not in the nature of things be a bar to her right to assert as a ground of divorce his continued neglect to support her for a year, occurring after the entry of such judgment. The support of his wife is a continuing obligation on the part of the husband, and his failure to meet this obligation is a continuing cause for a divorce, unless it appears to the court that there has been an unreasonable lapse of time before the action is commenced (Civ. Code, sec. 124); and the husband is not released from this obligation by a judgment in his favor in an action for a divorce upon this ground. If, after such judgment, he continues to disregard this obligation for the period required by the statute as a ground for a divorce, the former judgment cannot avail him as a defense. The law does not fix the amount of income which the husband must receive in order to impose upon him the obligation of supporting his wife, nor does it attempt to

designate what are the common necessaries of life. These matters vary with the varying circumstances of the parties to the marriage, and it is left to the discretion of the judge in each case to determine whether the husband's income, as well as the relation between him and his wife, are such as to impose upon him the obligation of providing for her wants; but when a husband is in constant employment for which he receives the ordinary wages of his labor, and refuses or neglects for years to make any provision for the wants of his wife, a court is justified in finding him guilty of willful neglect.

*Hardy* v. *Hardy*, 97 Cal. 125, has no application to the present case. That was an action brought by the wife under section 137 of the Civil Code to recover permanent support from her husband. Her right to maintain the action depended upon the fact of his desertion, without any regard to the time of its continuance. It was held that a former judgment in his favor, in an action for permanent support based upon a specific act of desertion, was a bar to a second action based upon the same act of desertion.

Certain rulings of the court upon the admissibility of evidence are assigned as errors, but, as these rulings were with reference to evidence upon the issue of cruelty, they need not be considered. The testimony of Parish related to the defendant's neglect prior to the commencement of the former action. As the court found that this neglect was barred by the judgment in that case, it could have had no weight in determining its decision.

As the order of the court must be affirmed upon the foregoing grounds, it is unnecessary to determine whether the former judgments in favor of the defendant are a bar to the plaintiff's right to a divorce upon the ground of his desertion.

The order is affirmed.

FITZGERALD, J., DE HAVEN, J., and MCFARLAND, J., concurred.