BYRON E. HARTWELL, Appellant, v. MARGARET J. HARTWELL, Respondent.

No. 1372.   (69 Pac. 265.)

### Divorce: Defenses: Cruelty: Misconduct of Plaintiff Bar to Recovery.

Where in an action for divorce on the ground of cruelty, the evidence of defendant, not denied by plaintiff, showed that plaintiff had frequently struck defendant when intoxicated, the divorce was properly denied, though cruelty as alleged had been committed by defendant.

(Decided July 2, 1902.)

Appeal from the Third District Court, Summit County.— *Hon. S. W. Stewart,* Judge.

. Action for divorce for cruelty. From a decree in favor of defendant, the plaintiff appealed.

Affirmed.

*Messrs. Snyder, Westervelt, Snyder & Wight* for appellant.

The court erred in excluding and refusing to consider the evidence offered by plaintiff tending to prove a general course of ill-treatment and showing the general character, disposition and behavior of the defendant.

The rule is abundantly supported by authorities that the general course of conduct of defendant may be shown under a complaint which alleges several specific acts of cruelty and contains also a general allegation setting forth a general course of abuse and ill-treatment. 7 Ency. Pl. and Pr., p. 79 et seq; Briggs v. Briggs, 20 Mich. 34; Sylvis v. Sylvis, 11 Colo. 319, 17 Pac. 912; Reese v. Reese, 23 Ala. 785; Marks v. Marks, 56 Minn. 264, 57 N. W. 651; Donald v. Donald, 21 Fla. 571; Myrick v. Myrick, 67 Ga. 771; Holyoke v. Holyoke, 78 Me. 404, 6 Atl. 827, 829.

*Messrs. Richards & Ferry* for respondent.

The errors assigned by counsel for the appellant, upon the admission and rejection of certain testimony, and which are contended for in appellant's brief, are not, at the most, prejudicial errors. According to the authorities cited by counsel a decree of divorce in actions like the case at bar, must rest upon specific acts of cruelty alleged, and if these specific acts have wholly failed to be proven by

the evidence, counsel can not complain against the rejec-
tion of evidence which may have shown other acts of cruelty
not specifically alleged. 7 Ency. Pl. and Pr., p. 79.

BASKIN, J.—This is an action for divorce on the
alleged grounds of cruel treatment of the plaintiff by the
defendant. The divorce was denied by the lower court, and
the plaintiff appeals.

The answer denies all of the allegations of the complaint,
except that "the plaintiff and defendant are husband and
wife, and that they intermarried at Salt Lake City, Utah,
on or about the eighteenth day of January, 1872, and that
the plaintiff for more than one year last past is and has been
an actual and bona fide resident of Summit county, in the
State of Utah." The plaintiff, in his complaint, in addition
to the general and specific charges of cruelty of the defendant,
alleges that he "has always been kind and considerate to her,"
and that he has always been sober, etc. The ninth assignment
of error is that "the court erred in entering and signing the
findings and decree in this action in favor of defendant." In
this connection it is contended by appellant's counsel that the
evidence adduced by plaintiff, which was not disputed, was suf-
ficient to justify a decree in favor of the plaintiff, and that, in
order to render a decree in favor of defendant, that evidence
must have been totally ignored. If this were conceded, the objec-
tion is overcome by evidence of the defendant which is not
contradicted. After the defendant had been examined as
a witness on her own behalf, the following occurred in her
cross-examination by plaintiff's attorney: "Q. Did Byron
Hartwell ever in the world strike you? A. I needn't an-
swer that. That is not in the evidence. I shall never go
against my husband any more than I have to. He is the
father of my children. I have been married thirty years,
and I can't do it. Q. Just answer my question. I want
to know what reason you had for any such fear as you stated

Hartwell v. Hartwell.

you had. Had he ever struck you? A. Do I have to answer that question? The Court: Yes, you may answer it. A. Yes, sir; he has struck me. Q. When? A. I haven't any dates. Q. More than once? A. Yes, sir; lots of times. Q. Name us one time, then? A. Oh, I don't want to go into things I don't have to. I don't have to go into things over my past life. Please, your honor, don't have anything up more than has to. I have two lovely girls. Q. How long ago was it? A. When he used to come under the influence of liquor and that. Q. It was when he was drunk, then, if he ever did it? He never did it any time when he was sober, did he? A. No." After the defendant had testified, the plaintiff, who had before been a witness in chief on his own behalf, was, in rebuttal, again examined by his attorney, and while he was interrogated in respect to and contradicted other portions of the defendant's testimony, he was not interrogated in respect to, and did not deny, any of the statements made by the defendant in answer to the particular questions hereinbefore set out, asked her by plaintiff's attorney on cross-examination. The misconduct of the wife, under some circumstances, may prevent her from obtaining a divorce, but is no excuse for the personal violence of her husband. Gross cruelty upon the part of the husband, when shown in an action by him, will bar his right to a divorce, however great the fault of the wife may have been. The gross conduct of the plaintiff, stated by his wife, and which the plaintiff, though he had an opportunity to do so, did not deny, barred any recovery by the plaintiff, and would have done so even if it had been admitted or shown that the wife had committed all of the alleged acts of cruelty charged in the complaint. In this view of the case the other assignments of error are of no consequence.

It is ordered that the judgment of the lower court be affirmed, with costs.

MINER, C. J., and BARTCH, J., concur.