ORAMA ET AL., APELADAS, *v.* OYANGUREN, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª.

No. 937.—Resuelto en junio 24, 1913.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO—NATURALEZA DE LA ACCIÓN.—
La acción de reconocimiento de un hijo natural es de carácter personal y
debe ser regulada por la ley del país del hijo natural.

ID.—ACCIÓN DE RECONOCIMIENTO—DEMANDADO AUSENTE.—La regla general de que
una corte no adquiere jurisdicción sobre demandados no residentes en acciones
personales a menos que hayan sido notificados personalmente de la demanda

dentro del Estado o que en éste tengan bienes que hayan sido embargados, no es aplicable a una acción de reconocimiento entablada por un hijo natural, pues en estos casos las cortes de distrito de Puerto Rico adquieren jurisdicción sobre demandados no residentes, aunque no hayan sido notificados personalmente dentro de la Isla ni tengan bienes en ella.

ID.—DEMANDA—ALEGACIONES PERTINENTES.—La alegación hecha en la demanda de que tanto al tiempo del nacimiento como al de la concepción de las demandantes los supuestos padres de ellas vivían en concubinato, es una alegación pertinente de acuerdo con el artículo 189 del Código Civil revisado vigente en el año 1903 cuando nacieron las demandantes.

ID.—DEMANDA—ALEGACIONES COMPATIBLES.—La alegación hecha en la demanda de que el padre de las demandantes las reconoció en diversas ocasiones demuestra los actos de reconocimiento realizados por el padre, y no es incompatible con la otra alegación de que él nunca reconoció válidamente a sus hijas las demandantes, pues esta segunda alegación significa que no tienen el reconocimiento solemne y fehaciente necesario para eximirlas de la obligación de ejercitar esta acción.

ID.—PRUEBAS—PARTIDA DE NACIMIENTO CON APELLIDO DISTINTO DEL DE LAS DEMANDANTES.—No cometió error la corte sentenciadora al permitir la presentación de copia certificada de las actas de nacimiento de Ana Luisa y Ana Teresa Mérida a reserva de que se probara como se probó que se referían a las demandantes Ana Luisa y Ana Teresa Orama.

ID.—ENMIENDA DE LA DEMANDA PARA AJUSTARLA A LA PRUEBA.—Las demandantes alegaron en su demanda que su padre les había consignado dinero en el Banco Territorial el 18 de junio de 1910 y el 7 de agosto de 1911 y para probarlo presentaron una libreta de dicho banco, que fué admitida como prueba sin objeción de las partes, según cuya libreta el último asiento era el 23 de mayo de 1911. Dicha parte obtuvo permiso de la corte para enmendar la demanda alegando esta última fecha en lugar de la de 7 de agosto. Se resolvió que la corte no cometió error al conceder dicha enmienda y que ésta no causó perjuicio a la parte contraria, la cual nada alegó sobre ello en el acto del juicio ni pidió un tiempo razonable para presentar prueba para impugnar esta enmienda.

ID.—COSA JUZGADA—ACTOS DE RECONOCIMIENTO POSTERIORES A LA PRIMERA SENTENCIA.—Una sentencia firme dictada en una acción de filiación no impide el ejercicio de otra acción de filiación entre las mismas partes, cuando esta última está fundada en actos de reconocimiento ejecutados por el padre con posterioridad a la fecha de la sentencia dictada en el primer pleito.

ID.—COSA JUZGADA—SU ALCANCE.—La sentencia dictada en una acción es conclusiva en cuanto a los hechos alegados y debatidos en el pleito, y no produce el efecto de cosa juzgada en otro pleito entre las mismas partes y en una acción de la misma naturaleza, fundada en hechos distintos que no existían cuando entabló su primera acción.

ID.—EDUCACIÓN Y SOSTENIMIENTO DE LOS HIJOS.—Bajo el párrafo 2º. del artículo 189 del Código Civil revisado, no puede estimarse insuficiente la prueba presentada en una acción de filiación por el mero hecho de que si bien se ha presentado prueba para demostrar el sostenimiento de los hijos por el padre, no se presentó ninguna para probar la educación por el mismo, cuando la prueba de actos de reconocimiento ejecutados por el padre es suficiente para establecer el reconocimiento.

Los hechos están expresados en la opinión.

Abogado de las apeladas: *Sr. Eugenio Benítez Castaño.*

Abogado de la apelante: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El presente recurso de apelación fué establecido por Margarita Oyanguren contra la sentencia de la Corte de Distrito de San Juan, Sección 1ª., registrada en 12 de octubre de 1912, por la que se declara que las demandantes Ana Luisa y Ana Teresa Orama son hijas naturales reconocidas de Nicolás Oyanguren, con los derechos consiguientes a tal condición.

A la demanda opuso la demandada y apelante excepción previa por los motivos de que la corte no tenía jurisdicción sobre su persona y, para el caso de que por ese motivo fuera desestimada, por el de que es dudosa. La excepción fué desestimada por la corte y esta resolución motiva los dos primeros errores en los cuales la apelante funda su recurso; presentada después moción para que fueran eliminados ciertos particulares de la demanda, la corte negó la eliminación de uno de ellos, resolución que estima errónea la apelante y sirve de fundamento a su tercer motivo de error en esta apelación; los cuarto y quinto errores alegados, se refieren a la admisión indebida por la corte durante el juicio de cierta evidencia y del permiso que concedió para durante él enmendar la demanda; y los dos últimos atacan directamente a la sentencia por haber rechazado la defensa de cosa juzgada y porque la prueba no es suficiente para sostener el fallo que la corte pronunció.

La demanda alega que las demandantes, nacidas en esta isla, fueron reconocidas por actos realizados aquí por Nicolás Oyanguren, como hijas naturales suyas, y piden que así se declare por la corte, con los demás derechos que les concede la ley vigente al fallecimiento de su padre; demanda que está dirigida contra Margarita Oyanguren como heredera de su padre Nicolás Oyangüren, la que reside en España con domicilio desconocido. La apelante fundándose en que la

demanda no alega que ella tenga bienes en Puerto Rico, ni que se haya trabado embargo aquí en bienes de su propiedad, sostiene que por los motivos expresados y por tratarse en la demanda de una acción personal, la corte no tenía jurisdicción sobre su persona en el presente caso.

La acción que al hijo corresponde para hacer declarar en virtud de pruebas quién sea su padre natural, es sin duda alguna un derecho personal suyo y por consiguiente, cuando el hijo está en posesión. de tal derecho, debe ser regulado conforme a la ley bajo la cual fué adquirido, por lo que las cuestiones que conciernen al estado de la persona deben regirse por la ley del Estado de quién lo reclama.  El estado civil de los ciudadanos debe regirse en todo por la ley de su país y sólo puede determinarse con arreglo a ella.  En consecuencia, si bien es regla general que una corte no adquiere jurisdicción sobre personas no residentes por acciones personales, a menos que hayan sido notificadas personalmente de la demanda dentro del Estado o que en éste tenga bienes que hayan sido embargados, sin embargo, tal regla general no puede ser aplicada a los casos que se refieren al estado civil de la persona, cuyo carácter tiene la demanda de filiación, ya que siendo un derecho originado por la concepción y el nacimiento, no puede quedar a merced de que la persona a quien se·atribuye la paternidad, o los representantes legales de su personalidad, se hayan ausentado del territorio de la persona con derecho al reconocimiento, dado que no en todos los países tal derecho es reconocido, ni admiten pruebas de reconocimiento, por entender que son contrarias al orden público y a las buenas costumbres tal como éstas las entienden.  En este orden de ideas dice el Tribunal Supremo de los Estados Unidos en el caso de *Pennoyer* v. *Neff*, 95 U. S., 714, lo que sigue:

"Para evitar cualquiera errónea interpretación de los puntos de vista expuestos en esta opinión, consideramos oportuno observar que nuestra palabras no deben interpretarse en el sentido de sostener que un Estado no puede utilizar para determinar el *status* de uno de sus ciudadanos hacia una persona no residente, procedimientos

que serían obligatorios dentro del Estado aunque seguidos sin haberse emplazado o notificado personalmente al ausente.    La jurisdicción que un Estado posee para determinar el *status* civil y capacidades de sus habitantes, envuelve autoridad para prescribir las condiciones en que pueden iniciarse y proseguirse dentro del territorio de dicho Estado los procedimientos relativos al *status* civil y capacidades de sus habitantes.    El Estado, por ejemplo, tiene derecho absoluto para prescribir las condiciones en que ha de basarse la relación matrimonial entre sus propios ciudadanos y las causas por las cuales puede disolverse el matrimonio.    Una parte culpable de actos que bajo las leyes del Estado autorizan la disolución del vínculo matrimonial, puede trasladarse a otro Estado donde no sea posible obtener el divorcio.    En este caso, la parte agraviada no podría reclamar sus derechos en el Estado adonde se trasladó la otra parte, y si no estuviese autorizado para promover la acción en los tribunales de su propio domicilio, sin emplazar ni notificar personalmente a la parte ofensora, el agravio quedaría sin reparación.''

Podemos, por tanto, concluir diciendo, que la corte del Estado de una persona que litiga por su estado civil tiene jurisdicción sobre demandados no residentes, aunque no hayan sido notificados personalmente dentro de él ni tengan bienes en el país, por lo que la corte inferior no cometió el primer error alegado en el recurso.

El segundo error alegado, se funda en que la corte no sostuvo el fundamento de ser dudosa la demanda, a pasar de que mientras en una de sus alegaciones se expresa que Nicolás Oyanguren reconoció en diversas ocasiones y ante varias personas su paternidad sobre las demandantes, se dice en otra que Oyanguren nunca las reconoció válidamente por sus hijas naturales.    Tal como nosotros comprendemos la demanda, la primera de estas alegaciones demuestra los actos de reconocimiento realizados por el padre que han de servir de base para la declaración que se pretende de la corte, y la otra solamente alega que las demandantes no han sido reconocidas de una manera válida y eficaz, o sea, de tal suerte que no necesiten acudir a la corte a obtener la declaración judicial de ser tales hijas naturales, por existir un documento auténtico y eficaz en que conste el reconocimiento, y por estas

razones no creemos que la demanda fuera dudosa como sostiene la parte apelante.

La negativa de la corte a eliminar cierto particular de la demanda, sirve de base al tercer error alegado en este recurso. Las alegaciones 3ª. y 4ª. de la demanda, dicen así:

"3ª. Que *tanto al tiempo del nacimiento* como al de la concepción de las demandantes, Don Nicolás Oyanguren era viudo y Fabiana Orama soltera y ambos vivían en concubinato en la propia casa del Señor Oyanguren durante el cual concubinato, la Señora Orama quedó en cinta y dió a luz a las demandantes.

"4ª. Que *la madre de las demandantes falleció hacía unos seis años y con posterioridad a su fallecimiento y muy especialmente en los años 1910 y 1911,* Don Nicolás Oyanguren reconoció en diversas ocasiones y ante personas varias, su paternidad sobre las demandantes."

La demandada pidió en la corte inferior que las palabras que hemos subrayado fueran eliminadas por ser impertinentes, y se sostiene ahora que lo son, en cuanto al primer particular, porque afirmándose en la demanda que Nicolás Oyanguren y Fabiana Orama eran respectivamente viudo y soltera al tiempo de la concepción de las demandantes y, además, que vivían en concubinato, era impertinente alegar que estos mismos hechos ocurrían al tiempo del nacimiento; y en cuanto al segundo particular, porque con él se buscaba hacer frente anticipadamente a la alegación de cosa juzgada que pudiera utilizar la demandada.

En cuanto al primer particular, diremos que habiendo nacido ambas demandantes, que son gemelas, en el año 1903, cuando regía el artículo 189 del Código Civil Revisado, según el cual el padre está obligado a reconocer a su hijo ilegítimo, entre otros casos, cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo, pudieron alegar las demandantes, como alegaron, no sólo que sus padres vivían en concubinato cuando fueron concebidas, sino también al tiempo del nacimiento.

En cuanto al segundo particular, si bien las palabras de la alegación cuarta pudieron tener el propósito que le atri-

buye la apelante, sin embargo, esto no aparece claramente de la lectura de la demanda, siendo más bien indicativas de las fechas en que tuvieron lugar los actos de reconocimiento del padre.

En el título de la demanda en este caso aparecen como demandantes Ana Luisa y Ana Teresa Orama y durante el juicio, su abogado presentó como evidencia las copias certificadas de las actas de nacimiento de Ana Luisa y Ana Teresa Mérida, objetando su admisión la demandada porque tales nombres no eran los nombres y apellidos de las demandantes, no obstante lo cual, fueron admitidas por la corte a reserva de que se probara que se referían a las demandantes, de cuya resolución la apelante tomó excepción. Y ahora sostiene ésta, como cuarto fundamento de su recurso, que al proceder la corte como lo hizo, cometió error.

Aun cuando hubiera sido más propio que antes de admitirse los documentos referidos se hubiese justificado que ellos correspondían a las demandantes, lo que luego se probó, sin embargo, no podemos decir que la conducta de la corte inferior infringiera ningún precepto de procedimiento ni fuera lesiva a los derechos de la parte apelante, ya que si por falta de justificación del extremo que estaba pendiente cuando los documentos fueron admitidos hubiera resultado que no eran pertinentes y admisibles, el juez de la corte podía sustraerse fácilmente a los efectos de una evidencia impertinente y por tal motivo no hubo error fundamental en la corte inferior. *Rivera* v. *Díaz,* resuelto en mayo 23, 1913, (pág. 548).

Las demandantes habían alegado que Nicolás Oyanguren había consignado en el Banco Territorial y Agrícola dinero para las demandantes en 18 de junio de 1910 y 7 de agosto de 1911 y, para probarlo presentaron una libreta de dicho banco que fué admitida como prueba sin objeción de las partes; mas al tratar de probar la demandada que Nicolás Oyanguren no podía haber hecho la consignación de 7 de agosto de 1911 porque en esa fecha no estaba en Puerto Rico, solicitaron las demandantes que la corte les permitiera enmendar

dicha alegación para ajustarla a lo que resultaba de dicha
libreta y cambiar la fecha de 7 de agosto de 1911 por la de
23 de mayo de ese mismo año, que es la fecha del último in-
greso que aparece en la libreta, permiso que la corte conce-
dió y que fué excepcionado por la apelante por la razón de
que el documento que ha servido para la rectificación ha es-
tado a disposición de las demandantes desde que establecieron
la demanda y aun antes, por lo que era demasiado tarde para
enmendarla.   Tal fué la objeción que sirve de base para el
quinto motivo de error en este recurso, aunque agregándose
ahora, que la enmienda perjudicó sus derechos porque no
podía presentar prueba contra esa nueva fecha como lo había
hecho contra la anterior.   Si la apelante creyó que la en-
mienda que autorizaba la corte podía causarle el perjuicio
que ahora por primera vez alega, debió hacerlo presente a la
corte para que le concediera un tiempo razonable para defen-
derse de esa nueva alegación, ya que si bien la corte puede
conceder enmiendas durante el juicio para ajustar las ale-
gaciones a la prueba, nunca debe hacerlo de tal manera que
cause un perjuicio a la otra parte; mas no habiéndose ale-
gado entonces ese motivo cuando se consignó la excepción,
no pudo presumir la corte que tal motivo pudiera existir, ya
que las partes están en el deber de exponer a las cortes todos
los motivos de objeción que tengan y esos son los que la corte
toma en consideración y resuelve, porque debe presumir que
cualquier otro motivo que pueda existir ha sido abandonado.
Por el motivo que expuso la parte apelante en la corte infe-
rior no era en verdad sostenible su objeción, pues la enmienda
ordenada tenía por objeto acomodar la demanda a lo que
resultaba de la evidencia admitida sin objeción; claramente
corregía un simple error de fechas y el mero hecho de que
pudo ser conocido antes, no es suficiente fundamento para
negar la enmienda que se solicitó de la corte.

¿Rechazó la corte indebidamente la defensa de cosa juz-
gada, como se sostiene por la parte apelante en el sexto mo-
tivo de su recurso?   Para resolver esta cuestión debemos

consignar como hechos, que la demanda que motiva este re-
curso claramente establece una acción de filiación fundada en
hechos ocuridos con posterioridad al fallecimiento de Fa-
biana Orama, y muy especialmente durante los años de 1910
a 1911, y que toda la prueba de él versó sobre actos de recono-
cimiento realizados en esas fechas.   También resulta de los
autos que en el año 1905 se radicó en la Corte de Distrito de
San Juan, una demanda contra Nicolás Oyanguren, en la que
Fabiana Orama alegó en su propio derecho y como tutora de
sus hijas Ana Teresa y Ana Luisa, que en 27 de septiembre
de 1902 fué alquilada como cocinera por el demandado Nico-
lás Oyanguren y que habiendo sido requerida de amores por
éste sostuvieron relaciones carnales de las que quedó encinta
y dío a luz en 27 de junio de 1903 dos niñas gemelas; que el
demandado la proveyó de dinero en diversas ocasiones para
el sostenimiento de dichas niñas, pero luego se negó en abso-
luto a pasarle cantidad alguna a sus hijas para su manuten-
ción, y además se niega a reconocerlas como suyas, faltando
así a la promesa hecha a la madre y a su deber como padre
de las niñas; demanda que concluyó con la súplica de que
se declarase con lugar reconociendo como hijas del deman-
dado a las dos expresadas niñas.   Tal demanda fué resuelta
en contra de la demandante por sentencia dictada en 25 de
abril de 1905 después de tomar en consideración las alega-
ciones, las pruebas y los informes de ambas partes.

Sostiene la parte apelante que existe en este caso cosa
juzgada porque concurren los requisitos de identidad de per-
sonas, cosas, acción y carácter con que se litiga, toda vez que
habiendo versado la demanda de 1905 sobre acción de filia-
ción o reconocimiento de las niñas Ana Luisa y Ana Teresa
Orama y habiendo sido declarada sin lugar su demanda, está
resuelto ya que no son hijas reconocidas de Nicolás Oyan-
guren y no puede esta cuestión resolverse otra vez en el pre-
sente litigio, que tiene también por objeto el que se declare
la filiación de las demandantes con respecto a Nicolás Oyan-
guren; representado ahora por su heredera.

En el caso de *González* v. *Méndez,* 15 D. P. R., 701, se ha tratado extensamente la razón de ser de la presunción de cosa juzgada, tanto según el antiguo derecho como en el moderno, y el porqué del respeto que debe darse a una cuestión ya resuelta judicialmente, por lo que no trataremos ahora estos particulares.   De ese caso tomaremos algunos párrafos y citas que contiene, sin perjuicio de que agreguemos otros, porque son pertinentes a la cuestión que vamos a resolver; mas antes diremos que es nuestra opinión que, aun cuando en las dos sentencias se resuelva la misma acción, sin embargo, si la de la segunda nació de hechos enteramente distintos y posteriores a los que produjeron la primera, no puede sostenerse que ésta sirve de obstáculo a que vuelva a discutirse la misma acción.   No podemos estar conformes con la parte apelante en que si una persona estableció una vez una demanda de filiación y fué vencida en juicio, no puede otra vez volver a ejercitar la misma acción derivada de hechos ocurridos con posterioridad al primer fallo y por tanto, si Ana Luisa y Ana Teresa Orama fundan su acción en que después del primer fallo que declaró que el demandado Nicolás Oyanguren no las había reconocido como tales hijas, éste ha realizado actos posteriores que demuestran el reconocimiento, no están impedidas de ejercitar su acción por virtud de aquel fallo.   Y la razón es clara, toda vez que la causa de pedir es distinta, resolviendo la primera sentencia que hasta entonces el padre no había verificado acto alguno de reconocimiento de dichas niñas; y la segunda sentencia estaría basada en actos posteriores del padre.

En el caso citado anteriormente sostuvo esta Corte Suprema la excepción de cosa juzgada porque el motivo de nulidad que se alegó en la segunda, existió al establecerse la primera demanda, aun cuando en ellos no se apoyó la parte demandante; porque los demandados en el primer pleito tenían derecho a esperar que no se les molestara nuevamente respecto a la eficacia de su título, por razonamientos nuevos, pero que tenían el mismo objeto de la primera demanda y que

pudieron alegarse antes, ya que se conocían al entablar su primer litigio; y porque aun cuando la razón de pedir era distinta en el segundo, era conocida al promover el primer pleito.

La sentencia del Tribunal Supremo de España que en ese caso se cita, de 18 de noviembre de 1903, dice que existe presunción de cosa juzgada cuando en ambos litigios la acción se ejercita con el mismo objeto, invocando iguales fundamentos y apoyando la pretensión en alegaciones que hacen idéntica la condición de las partes y el resultado a que se aspira en relación con el título que se invoca. La sentencia del Tribunal Supremo de España de 28 de septiembre de 1897, declaró que "es doctrina repetidamente declarada por el Tribunal Supremo, que, cuando termina un pleito por sentencia ejecutoria se litiga sobre la misma cosa, pero por diversa razón de pedir, no se falta al respeto debido a la cosa juzgada fallando el segundo pleito contra el litigante que triunfó en el primero."

Y en la sentencia de 14 de marzo de 1908 del mismo tribunal se dijo que, si bien en el segundo pleito se habían alegado razones de nulidad que no se habían invocado en el primero, eran inadmisibles, porque cuando se planteó el primer pleito eran ya conocidas las causas o razones de nulidad alegadas después.

La doctrina de cosa juzgada es igual en el derecho español y en el derecho americano, por lo que las reglas establecidas en éste pueden tener aplicación al presente caso, aunque esté regulado por el Código Civil Revisado, que está tomado del Código Civil español.

En el derecho americano se ha declarado que el obstáculo que opone una sentencia no puede ir más allá de los hechos particulares en que descansa, determina solamente las cuestiones que hayan sido suficientes para sostener la conclusión legal de la sentencia y que solamente alcanza a los hechos en controversia existentes al tiempo en que el fallo fué rendido, mas no impide un nuevo litigio sobre las mismas cuestiones

entre las mismas partes, cuando en el transcurso de ambos pleitos los hechos han cambiado o han ocurrido nuevos hechos que pueden alterar los derechos legales o relaciones de los litigantes. 23 Cyc., 1290 y 1291. La doctrina americana concuerda con la sentencia que hemos citado de los tribunales españoles en la regla de que el fallo es conclusivo no solamente sobre las cuestiones por él resueltas, sino sobre todas aquellas que pudieron haber sido litigadas y decididas en el pleito, 23 Cyc., 1295; y en la página 1299 del mismo tomo se expone, que un primer fallo no puede ser obstáculo a un segundo pleito cuando la cuestión en éste, aunque similar a la primera, surge de diferentes hechos. En el caso de *Wagner* v. *Wagner,* 104 Cal., 293, 37 Pac., 935, se resolvió que cuando el fundamento alegado fué la voluntaria negligencia del marido de suministrar los recursos necesarios, que según el estatuto debe existir por un año, la desestimación de la demanda no es obstáculo a una acción subsiguiente basada en la continuada negligencia del marido por un año después de aquel fallo; y el de *Farquar* v. *Farquar,* 25 Pac. R., 146, que un fallo entre las mismas partes por la misma causa es obstáculo a una nueva consideración de los mismos hechos, pero cuando nuevos hechos han ocurrido desde la primera sentencia, el demandante tiene derecho a un fallo sobre esos hechos.

Estamos, pues, sostenidos en la opinión consignada al principio de que el primer pleito fallado contra las demandantes en este caso no es obstáculo de cosa juzgada a este segundo pleito, porque la acción surge de hechos posteriores al primer fallo y no se discute ninguno de los que existieron o pudieron existir cuando la primera sentencia se dictó.

Réstanos el séptimo motivo de error alegado por la parte apelante, que es el referente a la insuficiencia de la prueba para sostener la sentencia.

Sostiene la parte apelante que el artículo 189 número 2°. del Código Civil Revisado, aplicable a este caso porque bajo su vigencia nacieron las demandantes, exige que el padre no solamente se haya ocupado de la educación de sus presuntos

hijos, sino también que los haya sostenido; y que si alguna prueba hay del segundo extremo no hay en absoluto alguna respecto al primero.

Es innecesario que discutamos la cuestión bajo ese aspecto porque en el presente caso, según veremos, la sentencia no está fundada únicamente en el hecho de que el demandado haya sostenido como padre a las demandantes sino que, además, hay otra prueba referente a que en conversaciones privadas ha tenido por hijas a las reclamantes. En efecto, poco después de nacidas esas niñas murió su madre y fueron recogidas caritativamente por Leocadio Martínez; y después, al conocer el Doctor Don Rafael del Valle la situación económica angustiosa de dichas niñas y con posterioridad al pleito que había entablado la madre Fabiana Orama, trató de conseguir de su amigo Nicolás Oyanguren que les facilitara recursos pecuniarios, y en esas entrevistas Nicolás Oyanguren reconoció en varias ocasiones ante el Señor del Valle que aquéllas eran sus hijas, y se avino a suministrarles dinero para atender a sus necesidades, y con tal objeto llamó a Leocadio Martínez a quien dijo quería consignarle una cantidad en el banco para que mantuviera a dichas niñas, que eran sus hijas y juntos fueron al Banco Territorial y Agrícola donde se ingresó dinero a nombre de Martínez por dos ocasiones. Es cierto que el demandado presentó prueba de varios amigos de Oyanguren de que nunca le habían oído hablar respecto a esas niñas, pero esta prueba negativa no puede destruir las manifestaciones del Señor del Valle ni las de Leocadio Martínez. También una de las niñas declaró que en algunas ocasiones fueron ambas donde Nicolás Oyanguren a quien pedían la bendición como padre y éste se la daba; y si bien esta testigo declaró que su madre le encargaba que le pidiera la bendición en esa forma, lo que nos parece muy natural, él no rechazó nunca esas manifestaciones. Por el conjunto de la prueba entendemos pues, que Nicolás Oyanguren reconoció privadamente que las demandantes eran sus hijas.

Es verdad que cuando por primera vez fué demandado

no solamente se opuso a la reclamación de paternidad sino que obtuvo sentencia favorable, pero esto no impide que con posterioridad cambiara de conducta y que la primeramente seguida obedeciera, como él manifestó al Señor del Valle, a su disgusto por haberse hecho públicas en los tribunales sus relaciones con la madre de las demandantes. Así, pues, a pesar de aquella primera negativa entendemos que la prueba en este caso es suficiente para estimar que las demandantes fueran reconocidas por el demandado como sus hijas y por él sostenidas como tales, por lo que la corte inferior no cometió el error que se alega bajo el séptimo fundamento del recurso.

La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.

En julio 5, 1913, se interpuso recurso de apelación para ante la Corte Suprema de los Estados Unidos.