## AHLBOM v. AHLBOM.

No. 3696.   Decided January 7, 1922.   Rehearing Denied February
6, 1922.   (204 Pac. 99.)

1.   DIVORCE—JUDGMENT OF DISMISSAL IN DIVORCE SUIT HELD BAR
TO SUBSEQUENT SUIT. Where, in a wife's action for divorce
based on cruelty, a complaint was dismissed on a finding that
she had no cause of action, such judgment, being on the merits,
was conclusive in a second suit based on the ground of deser-
tion, in addition to cruelty.

2.   DIVORCE—ADULTERY HELD BAR TO CAUSE OF ACTION ON GROUND
OF DESERTION. Where a cause of action for divorce exists
against a husband on the ground of desertion, the wife's right
to a decree is barred by adultery on her part during the period
of desertion.[1]

Appeal from District Court, Third District, Salt Lake
County; *G. A. Iverson,* Judge.

Action by Lola Montie Ahlbom against Oscar W. Ahlbom
for divorce.   Judgment of dismissal was entered, new trial
denied, and plaintiff appeals.

AFFIRMED.

*H. S. Tanner,* of Salt Lake City, for appellant.

*Marks & Jensen* and *John E. Pixton,* all of Salt Lake City,
for respondent.

CORFMAN, C. J.

The parties to this action are husband and wife.   Plaintiff
commenced her action against the defendant in the district
court of Salt Lake County on April 3, 1918 (amended com-
plaint filed December 26, 1918), seeking a divorce, and al-
leging, in her amended complaint thereafter filed, as grounds,

---

[1] *Hartwell* v. *Hartwell,* 25 Utah, 41, 69 Pac. 265.

willful desertion for more than one year and divers acts of cruelty during and since the month of March, 1911, causing her great physical and mental suffering, humiliation, and distress; that the parties have three minor children, the issue of their marriage, all of whom defendant has wrongfully caused the juvenile court to assume jurisdiction over and place in an orphans' home in Salt Lake City. It is further alleged that defendant is a strong, able-bodied man, capable of earning at least $5 per day, that he is an unfit person to have the care and custody of said children, and that the plaintiff is a fit person to have their care and custody. Plaintiff prays for a decree of divorce, and that she be awarded the custody of said children and reasonable alimony for their support during their minority and for attorney's fees and costs of suit.

The defendant answered, denying the alleged desertion and cruelty on his part, and, for an affirmative defense, alleged desertion on the part of the plaintiff, and that upon divers occasions between May 27, 1913, and January 26, 1918, and particularly on the date last named, plaintiff committed adultery with one William Earl Smith. Defendant also pleaded as a bar to plaintiff's action that in June, 1914, in a similar action between the parties, when the same matters as are set forth in the complaint herein were involved, the court, after hearing all the evidence, rendered judgment that "the plaintiff's complaint be dismissed."

Plaintiff filed a reply, denying the affirmative allegations of the defendant's answer. Upon the trial of the case in September, 1919, the district court found the issues in favor of the defendant, and entered its judgment dismissing the plaintiff's complaint. After applying for and being denied a new trial, plaintiff appeals.

As grounds for a reversal of the judgment plaintiff complains: That the court erred in making certain findings, and that the court's conclusions of law and judgment are not sustained by the evidence and are contrary to law; that the court erred in not finding upon all the issues in the case,

and in "limiting the evidence to the events and facts follow-ing the judgment" pleaded in bar.

It appears from the evidence that the parties to this action were married in Salt Lake City, Utah, December 23, 1901. Three children, two girls and one boy, were born, the issue of said marriage, their ages at the time of the trial being 12, 11, and 7 years, respectively. Matrimonial difficulties arose between the parties, and the plaintiff commenced an action in the district court of Salt Lake county against the defend-ant for divorce upon the ground of cruelty, which culminated in a judgment or decree in the defendant's favor June 19, 1914. Thereafter the parties did not resume marital rela-tions, or living together as husband and wife, but lived sepa-rate and apart from each other.

As has been before stated, the plaintiff filed her amended complaint against the defendant December 26, 1918. Subse-quent to the dismissal of plaintiff's first action in 1914, and until January, 1918, the children were left in the custody of and lived with the plaintiff at her home in Salt Lake City. During that period the defendant was away from Utah much of the time, working as a common laborer, but he at all times contributed in a substantial way to the support and maintenance of the children. In January, 1918, the juvenile court of Salt Lake City began an investigation for the pur-pose of determining the fitness of the plaintiff to have charge of the children, and thereupon said children became the wards of said court and were placed in an orphans' home in Salt Lake City, where they have since been cared for at the expense of the defendant.

The district court, in the present case, in brief, found:

That by reason of said former action, as to the acts of cruelty charged against the defendant in the present action, the plaintiff is barred; "that since June 19, 1914 (date of dismissal of plain-tiff's former action), plaintiff and defendant have lived separate and apart, but that said living separate and apart was not due to the fault of the defendant;" that on the night of January 26, 1918, plaintiff committed an act of adultery; "that since June 19, 1914, defendant has not been guilty of treating the plaintiff in a cruel or inhuman manner, nor of causing her any bodily injury or mental distress."

The contention of the plaintiff may be best stated in the language of her brief, as follows:

"Appellant's first contention is that the judgment rendered June 19, 1914, between plaintiff and defendant, is not a bar to appellant's cause of action for desertion. Next, that the cause of action on cruelty is not barred by said judgment, for the reason that the acts of cruelty relied on are wholly different, and some of said acts are subsequent to the acts pleaded, and therefore were not adjudicated, and were not pleadable as an estoppel in the case at bar."

Plaintiff cites many authorities, among them the following: *Prall* v. *Prall,* 58 Fla. 496, 50 South. 867, 26 L. R. A. (N. S.) 577, 583; *Wagner* v. *Wagner,* 104 Cal. 293, 37 Pac. 935; *Lee* v. *Lee,* 38 Okl. 388, 132 Pac. 1070; *Louis* v. *Louis,* 134 Mo. App. 566, 114 S. W. 1150; *Smith* v. *Smith,* 35 Ind. App. 610, 74 N. E. 1008; 15 R. C. L. § 531, p. 1049; *Ringgold* v. *Ringgold,* 128 Va. 485, 104 S. E. 836, 12 A. L. R. 1390; *Albertson* v. *Clark* (Colo.) 197 Pac. 757; *Hudson v. Hudson,* 59 Fla. 529, 51 South. 857, 29 L. R. A. (N. S.) 614, 138 Am. St. Rep. 141, 21 Ann. Cas. 278.

Without here reviewing the cases cited and relied upon by plaintiff, it must suffice to say that they have no application to the controlling facts and circumstances in the case at bar. Plaintiff's former action for divorce was predicated upon alleged acts of cruelty. In that action, after a trial upon the merits, the district court expressly found against her, no cause of action, and entered judgment dismissing her complaint. Plaintiff was then seeking for and stated her cause of action in divorce. As grounds therefor she alleged cruelty alone on the part of the defendant. If any other acts of cruelty as grounds for divorce existed at the time, she might have set them forth in her complaint, presented her proofs at the trial, and had them considered and passed upon by the court. The rule is well settled that in this class of cases, where a final judgment is rendered by the court upon the merits in one action, it will be conclusive and final in a second suit as to every question that was presented or might have been presented and determined under the pleadings in the first suit. *Ford* v. *Ford,* 25 Okl. 785, 108

Pac. 366, 27 L. R. A. (N. S.) 856; *Lewis* v. *Lewis,* 106 Mass.
309; *Stay* v. *Stay,* 53 Wash. 534, 102 Pac. 420; *Thurston* v.
*Thurston,* 99 Mass. 39; *Wagner* v. *Wagner,* 36 Minn. 239, 30
N. W. 766.

As to acts of cruelty charged against the defendant subse-
quently to the judgment entered in his favor June 19, 1914,
the plaintiff offered no proof and there is no evidence in the
record tending to show that the defendant was guilty in that
regard.   To the contrary, the record shows conclusively that,
since the judgment was entered in 1914, defendant lived sep-
arate and apart from the plaintiff, working at his employ-
ment in another state, and, under the circumstances, did not
and could not have committed an act of cruelty, had he been
so disposed.

As to the alleged desertion during this later period of their
married lives, the evidence shows quite conclusively that the
plaintiff made no offer, and that she was not disposed to
return to and live with the defendant after the judgment in
1914 was entered against her.   Moreover, in the present
action the plaintiff was charged by the defendant with hav-
ing committed an act of adultery with one Smith at a hotel
on the night of January 26, 1918.   The evidence shows that
the attention bestowed upon the plaintiff by this man Smith
has been the principal cause of all the matrimonial difficulties
between the parties.   Assuming, under all the circumstances,
that the defendant's living separate and apart from the
plaintiff since 1914 would, as a matter of law, in and of itself,
constitute desertion, then the question arises:   Did the act
of adultery complained of by defendant justify the
district court in refusing to grant the plaintiff a decree        2
of divorce upon that ground?   We think it did, both
upon principle and authority.   The evidence very conclu-
sively shows, and the trial court found as a matter of fact
that the plaintiff was guilty of adultery as charged by the
defendant in his answer.   That fact being established, the
plaintiff could not have recovered upon the ground of de-
sertion, even though she had successfully proven it.   *Green*
v. *Green,* 125 Md. 141, 93 Atl. 400, L. R. A. 1915E, 972,

Ann. Cas. 1917A, 175; *Stiehr* v. *Stiehr*, 145 Mich. 297, 108 N. W. 684; *Redington* v. *Redington*, 2 Colo. App. 8, 29 Pac. 811; *Hartwell* v. *Hartwell*, 25 Utah, 41, 69 Pac. 265. In the case of *Green* v. *Green*, supra, in which the husband was seeking a divorce, the rule in this class of cases is well stated to be:

"A man guilty of adultery is not entitled to a divorce from his wife for desertion, although the statutory period of desertion had elapsed before his act was committed, and the abandonment was the inciting cause of his act."

With respect to the minor children of the parties we are impelled to make this observation: That the district court, after making a finding that they are now in the Orphans' Home and Day Nursery at Salt Lake City, and that the expense of their keep, care, and maintenance is voluntarily paid by the defendant, under the circumstances, refrained from making any order as to who should have their custody. While the evidence in this case does not very clearly show the precise reasons why the juvenile court assumed jurisdiction over the children and caused them to be placed in the care of the orphanage, the record does conclusively show that under all the circumstances it was proper and right that they should be placed there. Moreover, it cannot be otherwise assumed than that as to the future interests and welfare of the children, they will be at all times safeguarded by the juvenile court having jurisdiction over them, as well as circumstances will permit.

There being no prejudicial error in the record, it is ordered that the judgment and decree of the district court stand affirmed.

WEBER and GIDEON, THURMAN, and FRICK, JJ., concur.