[Civ. No. 4409.  Second Appellate District, Division Two.—April 23, 1927.]

ROSE F. WINSLOW, Respondent, v. HOYT A. WINSLOW, Appellant.

[1] DIVORCE—WILFUL NEGLECT—OFFER REQUESTING WIFE TO RETURN —GOOD FAITH—BURDEN OF PROOF.—In an action for divorce on the ground of wilful neglect, the burden is on defendant to show utmost good faith in any offers made to his wife requesting her to return to him.

[2] ID.—REFUSAL OF WIFE TO RETURN—ACCRUAL OF CAUSE OF ACTION FOR NONSUPPORT.—In such action, the wife was entitled to a divorce on the ground of wilful neglect, even though, after a cause of action for nonsupport matured, she refused overtures of the husband requesting her return to him, since she was within her rights in refusing such overtures.

[3] ID.—DUTY OF WIFE TO RETURN TO HUSBAND—FAILURE OF HUSBAND TO PROVIDE SUITABLE ABODE — RIGHTS OF WIFE. — In such action, where the parties were living apart with the husband's consent, it was not incumbent on the wife to rejoin him until he, in good faith, had offered an abode suitable to the family station, but while living away from him she retained all her conjugal rights, one of which was the right to continuing support.

---

(1) 19 C. J., p. 125, n. 96.  (2) 19 C. J., p. 82, n. 15.  (3) 30 C. J., p. 519, n. 8.

1. Good faith in seeking reconciliation, note, 138 Am. St. Rep. 155. See, also, 9 Cal. Jur. 672; 9 R. C. L. 373.

2. Effort to induce spouse to return as a condition of desertion, note, 39 L. R. A. (N. S.) 1119. See, also, 9 Cal. Jur. 674; 9 R. C. L. 370.

3. Support during separation, note, 119 Am. St. Rep. 634. See, also, 9 Cal. Jur. 678.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Turnbull, Heffron & Kelley for Appellant.

Collier & Labarere for Respondent.

JOHNSON, J., *pro tem.*—This is an appeal by defendant from an interlocutory decree of divorce granted to plaintiff on the ground of wilful neglect.

The parties were married in Chicago in 1887, and for some years prior to 1916 they had been making their home in Milwaukee, though Mrs. Winslow had been in the habit of spending the winters near Los Angeles, where she had sisters and could be near a daughter attending Pomona College. In September, 1916, with the consent of defendant, who provided the traveling expenses for his wife and daughter, they journeyed to California; and neither Mr. nor Mrs. Winslow regarded their separation at the time as permanent, though a letter written in August, 1916, by defendant to inquire about a house for his wife in Pasadena indicated that defendant expected the wife to be with the daughter in California for the next four years. At the time of Mrs. Winslow's departure in September, 1916, the defendant was employed by an insurance company and earned $200 a month. That employment ceased not long after the wife left Milwaukee, and for about a year defendant found employment only at irregular intervals and his earnings were small. In November, 1918, however, he obtained regular employment as a salesman with the Aladdin Products Company, afterward merged into the Channel Chemical Company, with which his employment continued to the time of the trial. In 1919 his average earnings were $400 a month, and they increased in 1920 and again in 1921. It was stipulated that from 1918 defendant was in receipt of sufficient income to provide properly for his wife, but that he did not make contributions sufficient for her necessities. Certain checks which he sent were dishonored for lack of sufficient funds in bank; and as neither party kept an accurate account of remittances, they do not agree as to the totals. But even if credit be

given defendant for all that he claims to have supplied, the total from 1916 to 1920 did not exceed about $900. Plaintiff testified that in the year 1919 she received from defendant only about $20, and that no money was received by her in 1920 except the sum of $40 in July; and that between that time and the commencement of the action, on December 16, 1921, she received nothing at all. Plaintiff had help from her sister, who provided her with a home in which were a few additional apartments, the rents from which were applied to plaintiff's use.

In defense of the action defendant contended that though he had requested his wife to return to him on several occasions, and had repeatedly offered to provide her with a home, she had refused without cause. After his employment in Milwaukee ended, he lived in Chicago for a short time, then was in Louisville for two years, afterward in Baltimore for three months, and from May, 1920, onward he resided at Dallas, Texas. In all these places defendant was domiciled at hotels. Letters introduced in evidence showed that in July, 1920, defendant asked plaintiff to rejoin him at Dallas, and that she positively refused to resume domestic relations, either in Dallas or elsewhere, saying in her letter, ''You do not seem to realize that it is hard for a woman to overlook four years' neglect.'' Defendant testified that he had asked his wife to return when he was stationed at Louisville in 1918 and 1919, also when he was at Baltimore, but there was no request to come to him at Dallas until July, 1920. Mrs. Winslow denied specifically any request from Baltimore. She was not questioned in particular as to whether Mr. Winslow asked her to join him in Louisville but both parties unite in saying that the first time Mrs. Winslow ever refused to resume domestic relations was in the year 1920. That was when, as she admitted, her husband proposed to establish a home at Dallas. In reference to that request the court has found that for more than one year prior to the commencement of the action, and for more than one year prior to July 19, 1920, the defendant, though able, had failed to provide his wife with the common necessaries of life, and that at no time between September, 1916, and at the time of suit had defendant ever established a matrimonial domicile anywhere, or chosen a reasonably suitable place for a family abode, or provided plaintiff with the means to de-

fray traveling expenses to defendant's place of residence; and that defendant had not offered in good faith to support, or make a home for, plaintiff.

[1] Defendant contends that he was justified in his failure to furnish support by his wife's refusal to re-establish matrimonial relations. Yet he admits that the first time she refused was in 1920. The burden was upon defendant to show the utmost good faith in any offers made (*Kenniston* v. *Kenniston*, 6 Cal. App. 657, 664 [92 Pac. 1037]), a burden that, to the mind of the trial judge, was not sustained. [2] The record as a whole shows great indifference on the part of defendant toward his wife, and justifies the findings in her favor. After a cause of action for nonsupport had matured, the wife was within her rights in refusing the overtures made in July, 1920. (*Benkert* v. *Benkert*, 32 Cal. 467-472; *Vosburg* v. *Vosburg*, 136 Cal. 195, 204 [68 Pac 694] ; *Walker* v. *Walker*, 14 Cal. App. 487, 492 [112 Pac. 479].) [3] Until defendant in good faith had offered a new abode, suitable to the family station, it was not incumbent on the wife to rejoin her husband; and though living away from him, she retained all her conjugal rights, one of which was the right to continuing support. (*Wagner* v. *Wagner,* 104 Cal. 293, 296 [37 Pac. 935].)

The interlocutory judgment is affirmed.

Works, P. J., and Craig, J., concurred.