[L. A. No. 9167. Department One.—February 25, 1928.]

LILIAN TRASK CLARK, Respondent, v. SAMUEL BOYD CLARK, Appellant.

Edward H. Miller and Arch G. McLay for Appellant.

Luce & Seving for Respondent.

PRESTON, J.—Action for divorce upon the ground first, of desertion, and second, wilful neglect and failure to provide. Nonsuit was granted as to the first cause of action, but as to the second cause the court found that defendant had for a period of more than six years wilfully neglected to provide plaintiff with the common necessaries of life, having the ability so to do, and accordingly entered in her favor an interlocutory judgment of divorce, from which defendant now appeals. The only real question presented is the sufficiency of the testimony of the parties, and the sufficiency of the evidence given in corroboration thereof, to justify the findings in favor of plaintiff.

The evidence in brief fairly tends to show the following: The parties were married in 1895. In 1914 or 1915 plaintiff left their home in New Mexico, with the consent and approval of defendant, to take care of their daughter, who was seriously ill in Brooklyn, N. Y. Upon arrival there she took a position as teacher and also took roomers in order to maintain herself and two daughters. Defendant followed some six months or so later. There was no room for him at the apartment of plaintiff and he did not provide any home for her to come to. Although his friendship with her was continuous, he lived separate and apart from her and they never thereafter resumed marital relations. Defendant was unemployed and contributed nothing to her support at this time. Some two years thereafter he started sending her monthly payments of fifty dollars, which she used for the children. He continued this contribution for several years; then reduced it to thirty-five dollars a month, which amount he sent her at intervals until about 1924, when payments ceased entirely. Friendly relations between plaintiff and defendant were unceasing and apparently she was living apart from him at all times with his consent, express

or implied, upon the understanding that she would come to him whenever he should supply a home and support for her. Upon more than one occasion she permitted him to stop at her house upon payment to her of a nominal amount to cover his own expenses. ▇ Under these circumstances his duty to support her existed, notwithstanding the voluntary help of her father and the fruits of her own efforts, and there appears to be no valid excuse for his failure to do so. ▇ ''Until defendant in good faith had offered a new abode suitable to the family station, it was not incumbent on the wife to rejoin her husband; and tho living away from him she retained all her conjugal rights, one of which was the right to continuing support.'' (*Winslow* v. *Winslow*, 82 Cal. App. 515 [255 Pac. 880].)

Defendant was trained as a bookkeeper and there is no showing that the ill health of which he complains was of such a nature as to deprive him of this means of livelihood. In other words, under the evidence, the court could have properly concluded that he lacked neither ability nor opportunity to do better and that his failure to provide for his family and neglect of them were, therefore, wilful. ▇ ''The support of his wife is a continuing obligation on the part of the husband, and his failure to meet this obligation is a continuing cause for divorce. . . . The law does not fix the amount of income which the husband must receive in order to impose upon him the obligation of supporting his wife, nor does it attempt to designate what are the common necessaries of life. These matters vary with the varying circumstances of the parties to the marriage, and it is left to the discretion of the judge in each case to determine whether the husband's income, as well as the relation between him and his wife, are such as to impose upon him the obligation of providing for her wants. . . . '' (*Wagner* v. *Wagner*, 104 Cal. 293, 296, 297 [37 Pac. 935, 936].)

In short, we hold that although the evidence in this case, both in chief and as to corroboration thereof, is meager, nevertheless it cannot be said that it is insufficient to support the findings attacked, and the judgment is therefore affirmed.

Seawell, J., and Curtis, J., concurred.