Verda BRADLEY, Plaintiff in Error,

v.

Sid S. BRADLEY, Defendant in Error..

No. 36594.

Supreme Court of Oklahoma.

May 17, 1955.

Robert B. Harbison, Stansell Whiteside, Altus, for plaintiff in error.

Ryan Kerr, Altus, for defendant in error.

ARNOLD, Justice.

Sid S. Bradley brought this action in the District Court of Jackson County for divorce from his wife, Verda, on the ground of incompatibility.

Defendant answered affirmatively pleading that an action for divorce had previously been brought by plaintiff in Texas based upon mental cruelty and that upon trial of said action on January 21, 1954, plaintiff was denied a divorce and that said plaintiff was therefore barred from asserting any ground for divorce which occurred prior to such adjudication of the marital status of the parties.

Plaintiff's evidence is to the effect that he is a member of the Air Force, stationed at Altus, and had been a resident of Oklahoma for more than a year prior to the filing of his petition for divorce; that he and his wife were married in the state of Washington in 1943; that no children had been born of the marriage; that he is 37 years of age and his wife is 54; that he had not lived with his wife for approximately two years; that at the time of the marriage he was in the armed services and after his discharge the parties moved to Dallas, Texas, where he worked as a mechanic; over the objections of defendant to evidence con-

cerning the marriage relationship of the parties prior to January 18, 1954, the date of the judgment of the Texas court denying a divorce, plaintiff testified that defendant constantly nagged him about money; that she did not welcome his friends; that he re-enlisted in the Air Force to get away from defendant; that he couldn't live with defendant; that she drove him to drink; that he had already given defendant all the property which he owned and was now broke except for his earnings as technical sergeant in the Air Force; he testified generally to the same facts in the Texas divorce hearing.

Defendant's evidence is generally to the effect that she always welcomed plaintiff's friends; that she was satisfied with the money plaintiff made and never nagged him; that she and plaintiff had a happy marriage until he returned to the armed service in 1951; that after he returned to the Air Force he began writing her wanting a divorce; that she became so upset and worried she had to go to the hospital for some 29 days; that she had pleaded with plaintiff on several occasions to drop the idea of a divorce; that she did not want a divorce but wanted her husband; she denied that all she cared about was receiving the army allotment as plaintiff's wife; her doctor testified by deposition that defendant had been a patient of his since May, 1952; that she was suffering from malnutrition and schizophrenia, which condition, after treatment in the hospital, was now in remission but that she could relapse into active schizophrenia at any time and in his opinion her health would never permit her to be self-sustaining; that her emotional upheaval over the divorce had contributed to her condition but in his opinion a reconciliation would not effect a recovery.

At the close of the evidence defendant renewed her motion to strike all the evidence of plaintiff pertaining to the marital relationship and troubles of the parties occurring prior to January 18, 1954, the date of the trial of the divorce action in Texas, and demurred to the evidence of plaintiff, which was overruled.

The court stated that in his opinion defendant's demurrer would have to be sustained had Texas had incompatibility as grounds for divorce, regardless of whether the case had been tried in Texas on either grounds of extreme cruelty or incompatibility; that from the cases cited to the court by the parties it appeared that Texas did not have the ground of incompatibility, which Oklahoma does; that the physical facts in the case were more impressive and controlling on the court's decision than the testimony of the witnesses; that the fact was that defendant was much older than plaintiff; that she was 54 years of age, and had a grown married daughter by her first marriage; that this is her third marriage; that plaintiff is a man 37 years of age and the great difference in the ages of the parties within itself would go far toward making an incompatible marriage; that from observation of the parties and their testimony the court had ascertained that the relationship of the parties was more the relationship of mother and son than wife and husband; that the parties had not lived together in some three years and there is no possibility that they will ever live together as man and wife; that under those conditions the case resolved down to whether plaintiff should continue to make an allotment to defendant from now on, as long as he remained in military service, without any thought of having a home or married life again; based on these findings, the court awarded plaintiff a divorce on the grounds of incompatibility and awarded defendant alimony in the sum of $500.

Defendant's contention on appeal is that the facts testified to by plaintiff were the same as those presented in the Texas court; that the parties had not lived together and no new ground for divorce had arisen since the decree of the Texas court denying divorce; that the decree of the Texas court was therefore res adjudicata; and that as the laws of Texas pertaining to divorce were neither plead nor proven the court here could not take judicial knowledge that incompatibility was not a ground for divorce in Texas. She cites numerous cases

436

to the effect that in an action for divorce between the same parties a decree denying divorce bars a re-examination of the same facts in a subsequent case, and that it is only when enough had occurred since the rendition of the first decree to entitle plaintiff to relief that a divorce will be granted in a subsequent proceeding. Ford v. Ford, 25 Okl. 785, 108 P. 366, 27 L.R.A.,N.S., 856; Uphoff v. Meier, 184 Okl. 378, 87 P.2d 960; Rodabarger v. Childs, 120 Okl. 88, 250 P. 489; Ahlbom v. Ahlbom, 59 Utah 445, 204 P. 99; Silverman v. Silverman, 52 Nev. 152, 283 P. 593.

It will be noted from the findings of the court, set out above, that the court based its decision principally upon the physical facts, the disparity in ages of the parties, the attitude and demeanor of the parties on the witness stand and the attitudes and disposition of and relationship between the parties shown thereby, rather than upon the facts testified to. Such physical facts are evidence, and such evidence does not and cannot appear in a printed record, yet quite often is decisive and controlling. From the physical facts and the relationship of the parties as they appeared to him the trial judge found that incompatibility existed and that there never could be a true marital relationship between the parties again, and we cannot say that such finding is clearly against the weight of the evidence. The judge therefore based his judgment upon facts as appeared as of the day of the trial, not upon the testimony as to events occurring prior to the rendition of the Texas decree, and the Texas decree therefore could not operate as a bar. Nor are his comments as to what he believed the Texas law to be pertaining to grounds for divorce, gathered, he said, from reading the cases cited to him by the parties, pertinent or material to his decision.

Affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.