BERNABELA CRUZ como madre con patria potestad sobre sus hijos menores, YENIS, OSCAR EMILIO CRUZ; y LUIS, AMÉRICO, HERMINIO, ANGEL MANUEL y REINALDO CRUZ, demandantes y apelantes, *v.* AMÉRICO ANDRINI, demandado y apelado.

Núm. 9313.—*Sometido:* Mayo 2, 1946.   *Resuelto:* Mayo 20, 1946.

*Oscar R. Brizzie,* abogado de los apelantes; *E. Martínez Rivera* y
. *Luis Blanco Lugo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del
tribunal.

Los hechos alegados en la demanda y admitidos por la
moción para desestimarla por no aducir hechos constituti-
vos de causa de acción, son como sigue:

El demandado Américo Andrini y Bernabela Cruz vivie-
ron públicamente en concubinato durante los años 1910 a
1934, naciendo como fruto de esas relaciones los siete de-
mandantes, los cuales fueron inscritos en el registro civil
como hijos naturales de Bernabela. El demandado los ha
tratado siempre como hijos, proveyendo para su sosteni-
miento y educación y sosteniendo relaciones de padre e hi-
jos desde su nacimiento hasta el presente, pero se ha negado
a reconocerlos como hijos naturales "para los efectos de po-
der llevar además del apellido de la madre, el apellido del
padre". Piden sentencia por la que se declare que todos los
demandantes son hijos naturales reconocidos de Américo
Andrini y de Bernabela Cruz y se ordene la anotación del
reconocimiento al margen de la inscripción del nacimiento
de cada uno de los demandantes.

La alegada insuficiencia de la demanda se basa en que en
la misma no se alega afirmativamente que los padres de los
demandantes pudieron haber contraído matrimonio al tiempo
de la concepción y nacimiento de cada uno de ellos. Sos-
tiene el demandado que esa alegación es necesaria para de-
terminar una causa de acción, tanto más cuanto que en la

súplica de la demanda los demandantes piden que se les declare hijos naturales reconocidos de Américo Andrini, pero sin limitar ese reconocimiento "al solo efecto de llevar el apellido de sus padres".

La corte inferior dictó su resolución desestimando la demanda y concediendo a los demandantes diez días para enmendarla. Denegada la reconsideración, solicitaron los demandantes que se dictase sentencia sobre las alegaciones y habiendo sido dictada, los demandantes apelaron.

■ Como primer señalamiento se alega que la corte inferior erró al interpretar la Ley núm. 243 de mayo 12 de 1945 (pág. 815) en el sentido de que la misma es de carácter prospectivo solamente.

La Ley núm. 229, aprobada en 12 de mayo de 1942 ((1) pág. 1297), dispone: (1) que todos los hijos nacidos fuera de matrimonio con posterioridad a la vigencia de dicha ley serán hijos naturales, independientemente de que sus padres hubieren podido o no contraer matrimonio al tiempo en que dichos hijos fueron concebidos; y (2) que los nacidos fuera de matrimonio antes de comenzar a regir la mencionada ley "y que no tenían la condición de hijos naturales según la legislación anterior", podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por la de los herederos.(1)

Interpretando la disposición de la sección 1 de dicha Ley, en mayo 9 de 1945 resolvimos en *Correa* v. *Sucesión Pizá*, 64 D.P.R. 987, que la misma "de su propia faz opera pros-

---

(1)"Sección 1.—Serán hijos naturales todos los nacidos fuera de matrimonio con posterioridad a la fecha de vigencia de esta Ley, independientemente de que sus padres hubieren podido o no contraer matrimonio al tiempo de la concepción de dichos hijos. Estos hijos quedarán legitimados por el subsiguiente matrimonio de sus padres entre sí.

"Sección 2.—Los hijos nacidos fuera de matrimonio con anterioridad a la fecha de vigencia de etsa Ley y que no tenían la condición de hijos naturales según la legislación anterior, podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, a todos los efectos legales. Estos hijos quedarán legitimados por el subsiguiente matrimonio de sus padres entre sí.

pectivamente", o sea que el único hijo adulterino que adquiere al nacer la condición de hijo natural es el nacido con posterioridad a la fecha en que entró en vigor la nueva ley; que de acuerdo con la sección 2 de la misma ley, el hijo adulterino nacido antes del 12 de mayo de 1942, puede ser reconocido, a todos los efectos legales, por la "acción voluntaria" del padre o por la de las personas con derecho a su herencia; y que las actuaciones de un padre, con posterioridad a 1942, manteniendo a un hijo adulterino y admitiendo su paternidad, no constituyen la "acción voluntaria" del padre que requiere el estatuto para el reconocimiento del hijo adulterino, pues esa acción voluntaria debe hacerse constar en una inscripción, en un testamento o en cualquier documento público otorgado por el padre.

Tres días después de dictada nuestra decisión en *Correa v. Sucesión Pizá,* supra, la Legislatura aprobó, para regir inmediatamente, la Ley número 243 de 12 de mayo de 1945, para enmendar la sección 2 de la Ley número 229 de 12 de mayo de 1942, supra, mediante la adición a la misma de un nuevo párrafo que dice así:

"En caso de que *los hijos a que se refiere esta Sección* no fueren reconocidos por la acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, *dichos hijos se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres.* La acción para este reconocimiento se tramitará de acuerdo con el procedimiento que fija el Código Civil de Puerto Rico para el reconocimiento de hijos naturales; entendiéndose, sin embargo, que tal reconocimiento solo tendrá el alcance que aquí se expresa." (Bastardillas nuestras.)

La corte inferior resolvió que la precedente disposición es también de carácter prospectivo, "pues la enmienda solamente se refiere para (*sic*) el caso de que no siendo los hijos reconocidos voluntariamente por sus padres y en defecto de éstos por las personas con derecho a su herencia, entonces los hijos se considerarán hijos naturales al solo efecto

de llevar el apellido de sus padres y no hay nada en la ley que le dé carácter retroactivo''. Resolvió, además, que la ley que regula los derechos de las partes es la que regía al momento del nacimiento de los demandantes; y que para que la demanda aduzca hechos suficientes debe alegarse en ella la aptitud de los padres para poder contraer matrimonio al tiempo de la concepción como del nacimiento.

La interpretación del estatuto por la corte sentenciadora es claramente errónea. Los hijos a que se refiere la sección 2 de la Ley, según quedó enmendada por la Ley de 12 de mayo de 1945, son los mencionados en el primer párrafo de dicha sección 2 enmendada, o sean ''los hijos nacidos fuera de matrimonio con anterioridad a la fecha de vigencia de esta Ley y que no tenían la condición de hijos naturales según la legislación anterior''. De acuerdo, pues, con la sección 2 enmendada, el hijo adulterino nacido antes del 12 de mayo de 1945 tiene derecho (1) a ser reconocido por acción voluntaria de sus padres o de los herederos de éstos; y (2) en ausencia de la acción voluntaria, a ser considerado como hijo natural ''al solo efecto de llevar el apellido de sus padres''. Las disposiciones de la sección 2 enmendada no pueden referirse en modo alguno ni ser aplicables al hijo adulterino nacido con posterioridad a la fecha de vigencia de la Ley de 12 de mayo de 1942, pues éste, de conformidad con lo dispuesto en la sección 1 de la misma ley, tiene desde el momento de su nacimiento la condición de hijo natural a todos los efectos legales, independientemente de que sus padres hubieren podido contraer matrimonio al tiempo de su concepción.

¿Erró la corte inferior al resolver que la demanda es insuficiente porque en ella no se alega que el demandado y Bernabela Cruz pudieran haberse casado en la fecha de la concepción de los demandantes?

Las fechas en que nacieron cada uno de los demandantes, según se alegan en la demanda, son todas anteriores a la

fecha en que comenzó a regir la Ley de 12 de mayo de 1942. Se alega en la demanda que los padres de los demandantes vivieron en concubinato desde 1910 a 1934, naciendo el primer hijo en el año 1912 y el séptimo en 1926; que el padre siempre los ha tratado y considerado como hijos; y que el padre, habiendo sido requerido para que extienda a los demandantes el reconocimiento de hijos naturales "para los efectos de poder llevar además del apellido de la madre el apellido del padre", se ha negado a ello.

La demanda, a nuestro juicio, aduce hechos suficientes. Los demandantes, concebidos mientras sus padres vivían en público concubinato, no pueden tener más que una u otra de estas dos condiciones: (a) la de hijos naturales, con todos los derechos que a éstos concede el Código Civil, si en la fecha de su concepción sus padres eran solteros y podían haberse casado; o (b) la de hijos adulterinos, con los derechos que a éstos reconoce la Ley número 229 de 12 de mayo de 1942, enmendada por la número 243 de 12 de mayo de 1945, o sea (1) el de ser considerados como hijos naturales, a todos los efectos legales, si nacieron después del 12 de mayo de 1942; o (2) en defecto de un reconocimiento por acción voluntaria del padre o de sus herederos, el derecho a ser considerados como hijos naturales "al sólo efecto de llevar el apellido de sus padres", si hubieren nacido con anterioridad a la vigencia de la Ley de 12 de mayo de 1945.

Para reclamar el derecho a llevar el apellido del padre no es necesario alegar el estado de soltería de los padres a la fecha de la concepción. El hecho de que en la súplica de la demanda no se límite el reconocimiento que se pide al uso del apellido del padre, en nada puede afectar la cuestión sobre la suficiencia o insuficiencia de los hechos alegados en la demanda. La súplica no forma parte de la demanda; y la corte no está obligada a dictar sentencia de acuerdo con la súplica. La Regla 54(c) de las Reglas de Enjuiciamiento Civil dispone que "toda sentencia definitiva

concederá el remedio a que tenga derecho la parte en cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones''. Los hechos alegados en la demanda, de ser probados, son suficientes a nuestro juicio para justificar una sentencia de reconocimiento de los demandantes como hijos naturales al solo efecto de llevar el apellido del demandado. En ausencia de una alegación y de prueba del estado de soltería de los padres al tiempo de la concepción de los hijos demandantes, una sentencia de reconocimiento como hijos naturales a todos los efectos legales no estaría justificada.

La corte inferior erró al desestimar la demanda. *La sentencia recurrida debe ser revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*