RAFAEL EUGENIO FERNÁNDEZ PÉREZ, menor, representado por su madre con patria potestad MARÍA PÉREZ, demandante y apelante, *v.* SUCESIÓN DEL DR. EUGENIO FERNÁNDEZ GARCÍA, compuesta por su viuda, CARMELINA CERRA y sus hijos, EUGENIO, CARMEN-TERESA, PILAR y JOSÉ-EDUARDO FERNÁNDEZ CERRA, demandados y apelados.

Núm. 9402.—*Sometido:* Diciembre 10, 1946. *Resuelto:* Enero 29, 1947.

*Bauzá & Bauzá,* abogados del apelante; *R. Cuevas Zequeira* y *Lionel Fernández Méndez,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este pleito fué fallado por la corte *a quo* a base de una moción para desestimar la demanda por no aducir hechos constitutivos de causa de acción. El título que se dió a la acción fué el de "Filiación, nombramiento de síndico y otros extremos". Se alegó sustancialmente que el Dr. Eugenio Fernández García, causante de los demandados, estando casado con la co-demandada Carmelina Cerra, tuvo relaciones carnales con María Pérez y que como resultado de esas relaciones nació el demandante en la ciudad de Nueva York, el 1ro. de febrero de 1933; que en el mes de abril del mismo año, María Pérez regresó con el demandante a este país, continuando el Dr. Fernández García sufragando todos los gastos necesarios para la subsistencia de ella y del hijo, incluyendo los de educación de éste, hasta que falleció el alegado padre el 27 de mayo de 1946; que no habiéndose inscrito el nacimiento del demandante en Nueva York, María Pérez insistió con el padre para que lo inscribiera en el Re-

gistro Demográfico de Puerto Rico; que el Dr. Fernández García accedió a la súplica de María Pérez y personalmente fué al Registro Demográfico de Santurce e inscribió al demandante, reconociendo su paternidad, apareciendo dicho reconocimiento bajo el núm. 869 del Distrito Núm. 164. Se alegó, además, lo siguiente:

"Que se trae la presente acción, a los fines de que este Honorable Tribunal dicte sentencia *obligando a los demandados a darle participación como heredero al menor,* Rafael Eugenio Fernández Pérez, del Dr. Eugenio Fernández García, ya que se ha utilizado la vía amistosa, extrajudicial y los resultados han sido infructuosos; pero entendiendo, desde luego, la parte demandante, que como hubo un reconocimiento voluntario de parte del Dr. Eugenio Fernández García, sobre su paternidad sobre su menor hijo, el aquí demandante, su 'status' de heredero es definitivo". (Bastardillas nuestras.)

No obstante alegarse en el transcrito párrafo que la acción se insta en solicitud de una sentencia que condene a los demandados a darle participación al menor en la herencia del Dr. Fernández García, la súplica de la demanda dice así:

"Por todo lo que Suplica la parte demandante, que se declare con lugar la presente acción, estableciendo de manera definitiva por una sentencia, el 'status' del menor, Rafael Eugenio Fernández Pérez, como hijo natural reconocido del Dr. Eugenio Fernández García, imponiendo a los demandados el pago de las costas, gastos y una suma razonable para el pago de los honorarios de los abogados de la parte demandante."

La corte a quo fué de opinión que la demanda no aducía hechos constitutivos de causa de acción y estimando que no era susceptible de enmienda, dictó sentencia declarándola sin lugar. Fundamentando su resolución, la corte a quo usó el siguiente razonamiento: En la demanda se alega que el causante de los demandados voluntariamente reconoció al demandante en el acta de nacimiento. Ello no obstante, se suplica una sentencia que declare al demandante hijo natural reconocido del Dr. Fernández García. ¿A qué fin práctico, se preguntó la corte, conduce la demanda si el deman-

dante ya ha logrado lo mismo que está ahora pidiendo mediante una resolución judicial? Y agregó la corte a quo que en el año 1933, fecha en que se hizo el alegado reconocimiento, un hijo adulterino no podía ser reconocido por prohibirlo el art. 125 del Código Civil, y que por consiguiente, el acto realizado por el alegado padre fué un acto nulo e írrito y a todas luces sin eficacia legal alguna. Terminó la corte exponiendo que si con las alegaciones de la demanda se pretendía sostener que el alegado reconocimiento equivale al acto voluntario de reconocimiento que contempla la sección 2 de la Ley núm. 229 de 12 de mayo de 1942 ((1) pág. 1297), enmendada por la Ley núm. 243 de 12 de mayo de 1945 (pág. 815), ese acto es ineficaz en derecho por haberse realizado antes de estar en vigor la Ley núm. 243, y que dicha legislación no tiene efecto retroactivo, según declaró este Tribunal en el caso de *Correa* v. *Sucn. Pizá,* 64 D.P.R. 987.

Resulta del alegato que en este Tribunal radicó el apelante, que pretendió basar su acción en la sección 2 de la Ley núm. 229 de 12 de mayo de 1942, según fué enmendada por la Ley núm. 243 de 12 de mayo de 1945.[1] Arguye el demandante que aunque el reconocimiento se hizo en 1933 quedó convalidado por las dos leyes que invoca, las cuales, según él, tienen efecto retroactivo.

[1] La sección 2, según fué enmendada por la Ley núm. 243 de 12 de mayo de 1945, dice así:

"Los hijos nacidos fuera de matrimonio con anterioridad a la fecha de vigencia de esta Ley y que no tenían la condición de hijos naturales según la legislación anterior, podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, a todos los efectos legales. Estos hijos quedarán legitimados por el subsiguiente matrimonio de sus padres entre sí.

"En caso de que los hijos a que se refiere esta sección no fueren reconocidos por la acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, dichos hijos se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres. La acción para este reconocimiento se tramitará de acuerdo con el procedimiento que fija el Código Civil de Puerto Rico para el reconocimiento de hijos naturales; *Entendiéndose, sin embargo,* que tal reconocimiento sólo tendrá el alcance que aquí se expresa."

 Convenimos con la corte inferior en que el alegado reconocimiento verificado en el año 1933 no es el reconocimiento voluntario que contemplan las Leyes núms. 229 y 243 antes citadas. En los casos de *Correa* v. *Sucn. Pizá*, supra, y *Cruz* v. *Andrini*, 66 D.P.R. 124, este Tribunal resolvió que dichas leyes sólo operan prospectivamente y nada tenemos que agregar a lo que entonces dijimos. No podemos convenir, sin embargo, en que el reconocimiento en cuestión sea un acto nulo de toda nulidad, sino meramente anulable. Esto es así porque el art. 126 del Código Civil, en su último párrafo, prescribe:

"El reconocimiento hecho a favor de un hijo que no reúna las condiciones del párrafo primero del artículo 125(²) podrá ser impugnado por aquellos a quienes perjudique".

El precepto legal transcrito es copia del artículo 138 del Código Civil Español. Comentando este último artículo dice F. Clemente De Diego en su obra Instituciones de Derecho Civil Español, t. 2, pág. 518:

"La acción [para impugnar el reconocimiento] corresponde a aquellos a quienes perjudique, y, por consiguiente, a los hijos, a los mismos padres si justifican la causa que anule el consentimiento, a los herederos testamentarios y *ab intestato* en cuanto les perjudique. Las causas en que puede fundarse la impugnación son, o no tener el reconocido las condiciones de hijo natural, o haberse faltado a las condiciones del acto del reconocimiento."

Al mismo efecto, véanse Castán, Derecho Civil Español Común y Foral, t. 4, pág. 18 y la Sentencia del Tribunal Supremo de España de 9 de junio de 1893 (73 J. C. 861).

Parece conveniente aclarar que bajo el imperio del Código Civil Español un reconocimiento hecho en las circunstancias que concurren en el presente caso, no tendría efecto legal alguno porque su art. 130 dispone:

---

(²) El artículo 125 del Código Civil, en su primer párrafo, prescribe:

"Son hijos naturales los nacidos, fuera de matrimonio, de padres que al tiempo de la concepción de aquéllos hubieran podido casarse, sin dispensa o con ella."

"En el caso de hacerse el reconocimiento por uno solo de los padres, se presumirá que el hijo es natural, si el que lo reconoce tenía capacidad legal para contraer matrimonio al tiempo de la concepción."

Pero el art. 130 del Código Civil Español no fué adoptado en esta jurisdicción. Consecuentemente, mientras el reconocimiento que hizo el Dr. Fernández García no sea impugnado con éxito por aquéllos a quienes perjudique, se presume válido a todos los efectos legales.

Convenimos con la corte inferior en que, si como se alega en el párrafo sexto de la demanda, el demandante entiende que hubo el reconocimiento voluntario que contemplan las leyes de 1942 y 1945 antes citadas, la acción para que la corte establezca de manera definitiva por una sentencia el *status* del demandante como hijo natural reconocido, resulta puramente académica, a menos que considerásemos ésta como una acción sobre sentencia declaratoria. También resulta académica la acción de filiación, dada la conclusión a que hemos llegado sobre la presuntiva validez del reconocimiento hecho por el Dr. Fernández García. Pero, interpretando la demanda liberalmente con el propósito de hacer justicia sustancial, Regla de Enjuiciamiento Civil 8 *f*, en relación con la 81 *b*, racionalmente puede concluirse que el objeto perseguido por el demandante es obtener la participación que como hijo natural reconocido le corresponde en la herencia de su alegado padre natural, la cual le niegan los demandados, a pesar de los requerimientos extrajudiciales que alega el demandante haberles hecho con ese fin. Es verdad que la acción sobre petición de herencia ha sido imperfectamente alegada, conteniendo, como contiene, alegaciones impertinentes a dicha acción que hacen la demanda ambigua y confusa, pero no abrigamos duda que dicha demanda es susceptible de enmienda.

*Procede, por lo expuesto, revocar la sentencia apelada y devolver el caso para ulteriores procedimientos no inconsistentes con esta opinión.*