Agustín y Rafael Bird Martínez, Menores de Edad, Representados por Dolores Martínez, Madre con Patria Potestad Sobre los Mismos, demandantes y apelados, *v.* Jesús Bird Gómez, demandado y apelante.

Núm. 9820.—*Sometido:* Noviembre 9, 1948. *Resuelto:* Noviembre 17, 1948.

*Juan Nevares Santiago,* abogado del apelante; *Vicente Géigel Polanco,* abogado de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Representados por su madre con patria potestad, los menores Agustín y Rafael Bird Martínez instaron ante el Tribunal del Distrito Judicial de San Juan demanda de alimentos contra su padre legítimo, el aquí demandado Jesús

Bird Gómez. Por residir éste en Luquillo, el caso fué trasladado a instancias suyas a la Corte de Distrito de Humacao, donde luego de un juicio en sus méritos, se dictó sentencia concediendo a los demandantes una pensión alimenticia de $70 mensuales. Alega en apelación el demandado que la corte inferior erró: (1) al declarar sin lugar su solicitud para que se desestimara la demanda, fundada en que ésta se había presentado antes de surgir la necesidad de solicitar alimentos; (2) al apreciar erróneamente la prueba y (3) al considerar que ciertas ventas hechas por él de bienes que le pertenecían eran nulas.

El demandado y la madre de los demandantes eran casados, pero se divorciaron con antelación al 23 de septiembre de 1947, fecha en que se presentó la demanda aquí envuelta. Al radicarse ésta los menores residían con la demandante en Hato Rey, mas al ser emplazado, el apelante inmediatamente se trasladó a ese sitio y sin autorización alguna se llevó a los menores consigo para el pueblo de Luquillo. Bajo esas circunstancias, la demanda fué archivada en momentos en que los menores estaban en poder de la madre y en momentos en que de acuerdo con la ley el padre venía obligado a pasar a ésta lo necesario para los alimentos de los niños. Artículo 143, inciso 2. del Código Civil, Ed. de 1930. Los alimentos a concederse se retrotraen a la fecha de la interposición de la demanda. Artículo 147, del mismo cuerpo legal. Sin embargo, la corte inferior concedió éstos a partir del 24 de noviembre de 1947. Ello se debió a que fué en esa fecha, como cuestión de hecho, que los menores volvieron a poder de su señora madre. No se cometió el primer error señalado.

La prueba de la demandante tendió a demostrar que el demandado es dueño de un edificio de concreto, de dos plantas, situado en la calle Matienzo Cintrón, del pueblo de Luquillo, donde tiene establecidos varios negocios, en los cuales se dedica a la venta de gasolina y accesorios de

automóviles, a la explotación de un café, y a la venta de efectos de colmado; y que esos negocios le producen beneficios. También, que los menores necesitan para su subsistencia no menos de la suma de $120 mensuales, especificándose las cantidades necesarias para cada objeto. La del apelante fué al efecto de que él es un hombre insolvente, habiendo tenido que vender sus referidos negocios y el indicado edificio a su hijo José Luis, debido a sus enfermedades y a sus muchas deudas y dependiendo para su subsistencia de la ayuda que le prestan ése y otro hijo. Su propia prueba demostró, sin embargo, que tanto el traspaso de los negocios como el del edificio, se hicieron con posterioridad a la radicación de la demanda.

La corte de distrito no dió crédito a la prueba del demandado y condenó a éste a pasar a los demandantes la suma indicada. Este Tribunal reiteradamente ha decidido que en casos vistos ante tribunal de derecho la apreciación de la prueba corresponde en su totalidad al juez sentenciador y que no revocará la sentencia por tal motivo, a menos que se nos convenza de que hubo manifiesto error en la apreciación de la prueba o de que se actuó con pasión, prejuicio o parcialidad. *Ramos* v. *Rosario,* 67 D.P.R. 683; casos en él citados a la página 690; y Regla 52(*a*) de las de Enjuiciamiento Civil. La lectura que hemos hecho de la transcripción nos convence de que en los autos existe prueba que justifica la sentencia dictada.

█ En la opinión dictada en este caso, la corte se expresó así:

"El estudio que hemos hecho de la prueba presentada por el demandado no nos ha convencido de que éste sea un hombre insolvente, ni mucho menos el hombre en estado de ruina total que trata de pintar dicha prueba. Si se analizan los hechos ocurridos entre el demandado y la madre de los demandantes, las alegaciones de aquél en su contestación y los hechos que ha tratado de probar en este caso se llega a la conclusión inescapable de que todos los traspasos hechos por dicho demandado a favor de su hijo José Luis

son simulados y no tienen otro propósito que el de establecer una defensa en el presente caso a fin de evadir la obligación que tiene dicho demandado de alimentar a sus menores hijos, los aquí demandantes. Hace seis meses que el demandado se encontraba padeciendo quebrantos en su salud, según lo declaró su propio testigo el Dr. Carreras, hace seis meses que el demandado traspasó su negocio de colmado y el de compra y venta de efectos de automóviles y gasolina a su hijo José Luis, según lo declaró su propio testigo el señor Pablo Suárez. En otras palabras, hace seis meses que el demandado estaba ya arruinado pues solamente poseía una casa hipotecada y además un sinnúmero de deudas personales, y sin embargo una mera lectura de la contestación radicada por él en este caso en 29 de septiembre de 1947, da la impresión de que dicho demandado era un hombre solvente, que tenía a su cargo cuatro hijos más, que tenía el temor de que la madre de los menores demandantes pretendiera vivir de los ingresos de él después de disuelto el matrimonio, que entabla una lucha judicial por la custodia de los dos menores aquí demandantes estableciendo los correspondientes procedimientos ante la Corte de Distrito de San Juan, lo que necesariamente origina gastos, que ofrece además alimentar a los demandantes en su propio domicilio y 'subvenir a todas sus necesidades', cuando ya para esa fecha, 29 de septiembre de 1947 era según dice su prueba en este caso, un hombre insolvente y arruinado. Además el traspaso de sus bienes a su hijo José Luis fué hecho, según la prueba documental por él presentada como un mes después de radicada la demanda en este caso, circunstancia ésta, que unida a las del parentesco que existe entre comprador y vendedor y la forma estipulada para el pago del precio de la finca vendida hacen más sospechosa aun la idoneidad de esas transacciones. Estimamos pues que el demandado, con el único fin de eludir su responsabilidad legal hacia sus menores hijos, aquí demandantes, ha pretendido aparecer en completo estado de insolvencia, no siendo ésa la verdad en cuanto a su situación económica.''

De ahí que sostenga el apelante que la corte inferior cometió error al considerar nulas las ventas hechas por él. Como cuestión de derecho, ella no estaba resolviendo que los traspasos efectuados por el demandado a favor de su hijo José Luis fueran nulos. Ella meramente exponía los motivos por los cuales, entre otros, no daba crédito a la prueba del demandado.

Por otra parte, la apelación no se da contra los fundamentos de la opinión, sino contra la sentencia misma. *Latorre* v. *Cruz,* 67 D.P.R. 743. Los errores segundo y tercero tampoco han sido cometidos.

*Debe confirmarse la sentencia apelada.*