FERNANDO CORTEZ, demandante y apelante, *v.* LA SUCESIÓN DE JOSÉ DOMINGO SOLÁ Y LÓPEZ, compuesta de MARÍA ISABEL CARITINA SOLÁ Y GRILLO e ISABEL GRILLO Y SANTIAGO, demandadas y apeladas.

Núm. 10361.—*Sometido:* Marzo 1, 1951. *Resuelto:* Mayo 31, 1951.

*R. A. Arroyo Ríos,* abogado del apelante; *A. L. López,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Fernando Cortez instó pleito contra la Sucesión de José Domingo Solá y López, solicitando se le reconociera como hijo natural del mismo a los únicos fines de llevar su apellido, según dispone la Ley núm. 229, aprobada el 12 de mayo de 1942 ((1) pág. 1297), enmendada por la núm. 243 de 12 de mayo de 1945 (pág. 815).

El demandante alegó en su demanda haber nacido en el año 1893, en la ciudad de Caguas, como fruto de relaciones amorosas sostenidas por su alegado padre José Domingo Solá y López y Guillermina Cortez, madre del demandante; que al tiempo de la concepción y nacimiento de éste, José Domingo Solá y López era casado con Isabel Grillo y Santiago y que hasta su muerte el causante de la Sucesión demandada siempre tuvo al demandante como hijo suyo, prodigándole·en público y privado el cariño, trato y afecto de un padre y atendiendo siempre sus necesidades.

El tribunal inferior, al declarar sin lugar la demanda por el fundamento de estar prescrita la acción, se expresó así:

"De la prueba practicada aparece que el demandante Fernando Cortez nació el 31 de mayo de 1893; esto es el demandante nació bajo el régimen del Código Civil Español, vigente desde el año 1889 hasta el 1902. Las partes admiten, y también surge de la prueba, el hecho de que el presunto padre del demandante, Don José Domingo Solá López, al tiempo de la concepción y del nacimiento de dicho demandante estaba casado con Doña Isabel Grillo Santiago. Don José Domingo Solá López falleció el día 5 de agosto de 1918.

"De acuerdo con el artículo 137 del Código Civil Español de 1889, vigente para la fecha que nació el demandante, las acciones para el reconocimiento de los hijos *naturales* (subrayado nuestro), debían incoarse en vida del presunto padre, y en caso de haber muerto éste antes de que transcurriesen los primeros cuatro años de la mayoridad de edad del hijo. Si tomáramos

este precepto como aplicable al presente caso, indudablemente que, la acción estaría prescrita, pues habiendo nacido el demandante en 31 de mayo de 1893, cumplió su mayoría de edad en el año 1914, y como quiera que su presunto padre no murió hasta el 5 de agosto de 1918, sería hasta esta última fecha que el demandante tuvo derecho para incoar su acción.

"Ahora bien, en el año 1902, y cuando el demandante tenía 9 años de edad, empezó a regir en julio 1 de ese año el Código Civil Revisado que en su artículo 199 disponía en lo pertinente que 'la acción para reclamar' la 'filiación dura hasta dos años después de ser el hijo mayor de edad.' Si aplicáramos ese precepto legal al presente caso, veríamos que el demandante entonces debió haber incoado su acción antes del 31 de mayo de 1916, ya que él llegó a su mayoría de edad el 31 de mayo de 1914. Es de notarse, desde luego, que en el Código Civil Revisado de 1902, no se hace distinción alguna en cuanto a los hijos ilegítimos, estando comprendidos por lo tanto los hijos naturales de acuerdo con el Código Civil Español y los adulterinos.

"Nuevamente, y en el año 1911, cuando el demandante contaba la edad de 18 años, nuestra Legislatura enmendó el Código Civil, en lo aplicable a este caso, ya que por la Ley núm. 73 de 9 de marzo de 1911 (pág. 247), derogó expresamente el artículo 199 del Código Civil de 1902 y en su lugar aprobó el artículo 194 que es igual al artículo 126 de nuestro vigente Código Civil, ed. 1930. El artículo 194 del Código Civil, aprobado en 1911, dispone que 'las acciones para el reconocimiento de hijos *naturales,* sólo podrán ejercitarse en vida de los presuntos padres, o un año después de su muerte'. . . Hemos subrayado la palabra 'naturales' ya que en esta ocasión la Legislatura vuelve a reinstalar el concepto de hijo natural del Código Civil Español, y que había abandonado o desechado en el Código Civil revisado de 1902. Al derogarse el artículo 199 del Código Civil de 1902 y aprobarse el artículo 194 en el año 1911 (supra), no se dispone término prescriptivo alguno para la acción filiatoria de los hijos *ilegítimos;* y solamente se provee en cuanto a aquéllos que tuvieren el concepto de naturales. Si le aplicáramos el artículo 194 aprobado en 1911 también la acción estaría prescrita pues habiendo fallecido el presunto padre del demandante en 5 de agosto de 1918, éste a tenor con dicho artículo 194 debió haber presentado la acción no más tarde de 5 de agosto de 1919.

"Como es bien sabido y está definitivamente establecido, la

acción de filiación es una de carácter personal. ` (*Orama et al* v. *Oyanguren*, 19 D.P.R. 828; *Gastón* v. *Herederos Franceschi*, 43 D.P.R. 300; *Torres* v. *Sucn. Cautiño*, 70 D.P.R. 646, 651.) Si consid*eráramos* que ninguno de los términos prescriptivos citados, supra, es aplicable a la presente situación y le aplicásemos el término supletorio prescriptivo establecido para las acciones personales y cuya limitación es de 15 años (artículo 1865, Código Civil 1902 y 1864, ed. 1930), tendríamos que llegar también a la conclusión de que la acción del demandante en este caso está prescrita, pues habiendo él llegado a la mayoridad de edad en 31 de mayo de 1914 debió haber ejercitado su derecho por lo menos 15 años después, esto es en el año 1929.

"Desde luego el demandante podría argüir que para las distintas épocas en que hemos mencionado que él pudo haber ejercido su acción, no existía la Ley núm. 229 de 12 de mayo de 1942, enmendada por la Ley núm. 243 de 1945 y que por lo tanto no podía incoar la presente acción. En eso tendría razón, **pero** desafortunadamente para él la Ley núm. 229, supra, tiene únicamente efecto prospectivo y no retroactivo. (*Correa* v. *Sucn. Pizá*, 64 D.P.R. 987; *Cruz* v. *Andrini*, 66 D.P.R. 124, 126; *Fernández* v. *Sucn. Fernández*, 66 D.P.R. 881, 885; *Elicier* v. *Cautiño*, 70 D.P.R. 432, 438; *Rossy* v. *Martínez*, 70 D.P.R. 737, 744 y *Vargas, etc.* v. *Jusino*, resuelto en 12 de mayo de 1950.)"

En apelación el demandante sostiene, en síntesis, que fué error de la corte inferior (1) resolver que la acción estaba prescrita; (2) resolver que la Ley núm. 243, aprobada el 12 de mayo de 1945, tiene carácter prospectivo solamente y (3) no declarar con lugar la demanda.

 Si bien el apelante tiene razón en su argumento de que por su condición de hijo adulterino y la falta de causa de acción filiatoria bajo el Código Civil Español—ya que éste no daba derecho a los hijos adulterinos a la misma—no existía término prescriptivo alguno que pudiese correr contra el demandante, no siendo por lo tanto de aplicación ni el artículo 137 del Código Civil Español, ni el 199 del Código Civil Revisado, ni el 194 (1) incorporado a dicho cuerpo legal por la Ley núm. 73 de 9 de marzo de 1911—derogatoria del artículo 199—es lo cierto que habiéndose iniciado esta ac-

---

(1) Corresponde al artículo 126 del Código Civil, ed. 1930.

ción el 29 de octubre de 1947 y debiendo la misma tramitarse según los propios términos de la Ley núm. 229 ya citada "de acuerdo con el procedimiento que fija el Código Civil de Puerto Rico para el reconocimiento de hijos naturales", dicha acción está prescrita, pues no se ejercitó dentro de un año después de la vigencia de dicha ley, creadora de la causa de acción especial de reconocimiento aquí ejercitada. Vamos a explicarnos.

Es obvio que el demandante no podía ejercitar acción alguna en vida de su alegado padre, ni un año después de su muerte—ya que éste falleció el 5 de agosto de 1918—por no tener entonces causa de acción filiatoria, dada su condición de hijo adulterino. Fué al entrar en vigor la Ley 243 ya citada que surgió su causa de acción. Al disponer el legislador que la misma debería ejercitarse "de acuerdo con el procedimiento que fija el Código Civil para el reconocimiento de hijos naturales," (²) incorporó a la Ley 243—a los fines del ejercicio de la causa de acción por ella creada—los términos prescriptivos del artículo 126 del Código Civil. (³) Siendo ello así, no es éste un caso en que sea de apli-

(²) Comentando esta disposición de la Ley núm. 243 de 12 de mayo de 1945, que enmendó la núm. 229 de 12 de mayo de 1942, dice el ilustre civilista Dr. Luis Muñoz Morales en sus Anotaciones al Código Civil de Puerto Rico, Libro I, pág. 414:

"La acción para este reconocimiento, dice la enmienda citada, que habrá de tramitarse de acuerdo con el procedimiento fijado en el Cód. Civil para el reconocimiento de hijos naturales; y por lo tanto habremos de referirnos al artículo 126 según el cual estas acciones sólo podrán ejercitarse en vida de los padres o un año después de su muerte, salvo si los padres hubieren fallecido durante la menor edad del hijo, en cuyo caso éste puede ejercitarla dentro de los primeros cuatro años siguientes a su mayor edad."

(³) Dicho artículo provee:

"Las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres, o un año después de su muerte, salvo en los casos siguientes:

"1. Si el padre o la madre hubiesen fallecido durante la menor edad del hijo, en cuyo caso éste podrá deducir la acción antes de que transcurran los primeros cuatro años de su mayor edad.

"2. Si después de la muerte del padre o de la madre apareciere algún documento de que antes no se hubiese tenido noticia, en el que reconozcan expresamente al hijo.

cación el artículo 1864 del Código Civil, ed. 1930, que fija un término prescriptivo de 15 años a las acciones personales que no tengan señalado término especial de prescripción. Teniendo la acción especial de reconocimiento creada por la Ley 243, los términos fijados por el artículo 126 del Código Civil para su ejercicio, debemos atenernos a éstos, y resolver cualquier conflicto en su aplicación atendiendo al propósito legislativo que inspiró la legislación que nos ocupa.

En el caso de autos surge tal dificultad, pues el alegado padre murió en el año 1918 cuando ya el demandante contaba 25 años de edad. El artículo 126 a que nos refiere la Ley 243 establece que la acción filiatoria, en tal situación, debe ejercitarse *un año después de su muerte*.([4]) Desde luego que la aplicación estricta de la letra de dicho artículo nos conduciría al absurdo de que la Asamblea Legislativa creó una causa de acción natimuerta para el demandante en este caso y para todos aquéllos en situación similar a él, mientras la creaba con provecho para otros. No podemos atribuir al legislador tal propósito. En consecuencia, resolvemos que el aquí demandante pudo ejercitar su acción especial de reconocimiento dentro de un año después de la vigencia de la Ley 243, pues la disposición del artículo 126, adoptada por ésta a los fines prescriptivos, de que la acción sólo podía ejercitarse en vida de los presuntos padres *o un año después de su muerte*, significa en su caso—como en los de todos aquéllos cuyos presuntos padres hubieren fallecido en cualquier época anterior a la vigencia de la Ley 243—que podía ejercitarla un año después de la muerte de su alegado padre, contada ésta desde que se creó la causa de acción por dicha ley el 12 de mayo de 1945. Otra interpretación conduciría

---

"En este caso la acción deberá deducirse dentro de los seis meses siguientes al hallazgo del documento.

"El reconocimiento hecho a favor de un hijo que no reúna las condiciones del párrafo primero del artículo 125 podrá ser impugnado por aquéllos a quienes perjudique."

([4]) Las excepciones contenidas en el artículo 126 al término prescriptivo general para el ejercicio de las acciones filiatorias no son pertinentes al presente caso.

a derrotar el propósito legislativo, por un lado, y por otro a crear confusión en la aplicación de la ley.

No obstante lo anterior, forzosa es la conclusión de que la acción en este caso—iniciada el 27 de octubre de 1947—estaba ya prescrita pór haberse comenzado después de un año de la fecha de vigencia de la Ley 243.

■ Como la apelación se da contra la sentencia y no contra los razonamientos de la opinión, *Bird* v. *Bird*, 69 D.P.R. 369; *Latorre* v. *Cruz*, 67 D.P.R. 743, *procede su confirmación.*