SARTORIOUS & CO., demandante y apelante, *v.* SOL LUIS DESCARTES, SECRETARIO DE HACIENDA DE P. R., demandado y apelado.

Número 11383.
*Sometido:* 1 de marzo de 1956. *Resuelto:* 23 de abril de 1956.

*Sifre & Ruiz Suria* (antes *Franceschi & Sifre*), abogados de la apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *Manuel J. Medina Aymat, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Sartorious & Co. es una sociedad civil organizada bajo las leyes del Estado de Nueva York, donde tiene su oficina principal de negocios. Para los años 1947 y 1948 ella era dueña de 200 acciones del capital emitido de The Fajardo Sugar Co. of Porto Rico, corporación constituída bajo las leyes de esta isla. Cada acción del capital de esa corporación daba derecho a percibir no sólo los dividendos que ésta declarara, sino también los declarados por The Fajardo Sugar Growers' Association, asociación por acciones creada bajo las leyes del Estado de Nueva York. En su carácter de accionista de The Fajardo Sugar Co. of Porto Rico la demandante recibió en el año 1947 la suma de $800 y la de $1,150 en 1948. Ambas cantidades fueron percibidas con posterioridad al 5 de agosto de 1947, día en que empezó a regir la enmienda a la Carta Orgánica vigente para aquella época.[1] The Fajardo Sugar Co. of Puerto Rico y The Fajardo Sugar Growers' Association al efectuar los pagos de los referidos dividendos, dedujeron y retuvieron de los mismos $232 en 1947 y $333.50 en 1948 en concepto de contribución sobre ingresos calculada al tipo

---

[1] La enmienda introducida a la Carta Orgánica de Puerto Rico, entonces vigente, reza así:

"Los derechos, privilegios e inmunidades de los ciudadanos de Estados Unidos serán respetados en Puerto Rico en la misma forma que si Puerto Rico fuera un Estado de la Unión y estarán sujetos a las disposiciones del inciso 1 de la sección 2 del artículo IV de la Constitución de Estados Unidos." 61 Stat. 772, 48 U.S.C. sec. 737.

del 29% y pagaron posteriormente esas cantidades al Departamento de Hacienda.

En 28 de enero de 1949 la apelante radicó con el apelado dos solicitudes de reintegro, reclamando en una la devolución de $116 y en la otra la de $174, que alegaba había pagado en exceso. En febrero 2 del mismo año el Secretario de Hacienda notificó a la apelante haber denegado esas reclamaciones. La sociedad acudió entonces al extinto Tribunal de Contribuciones de Puerto Rico,(²) impugnando la determinación del Secretario de Hacienda al denegar sus solicitudes de reintegro. Se fundó la recurrente en que (1) la Ley de Contribuciones Sobre Ingresos de Puerto Rico de 6 de agosto de 1925—13 L.P.R.A. sec. 631—impone una contribución del 20% sobre los ingresos netos de sociedades y corporaciones y a ella le fué retenida, y pagada al Secretario de Hacienda, una contribución del 29%; y (2) ella tiene derecho a recibir el mismo trato que reciben los individuos residentes de Puerto Rico, quienes sólo pagan una contribución normal del 5%, más el 7% adicional. Contestada la querella, aceptándose algunos hechos de la demanda y negándose los fundamentales, fué el pleito a juicio. El Tribunal Superior dictó sentencia con fecha 29 de mayo de 1953, declarando sin lugar la demanda en su totalidad. La demandante apeló. Imputa ahora tres errores al tribunal a quo. Pasamos a discutirlos inmediatamente. Antes de hacerlo haremos constar que son hechos admitidos que la demandante es una sociedad organizada en el Estado de Nueva York; que ella no está inscrita en el Registro Mercantil de Puerto Rico, ni hace negocios de clase alguna en esta isla; y que los ingresos antes mencionados fueron los únicos que ella tuvo de fuentes radicadas en Puerto Rico.

■■ El tribunal inferior manifestó en su sentencia que la cuestión planteada "quedó resuelta por este tribunal en forma adversa a la demandante en varios casos, entre ellos

---

(²) Véase la Ley núm. 11 de 24 de julio de 1952 (ses. extr., pág. 31).

el de *Gilbert J. Postley* v. *Tesorero de Puerto Rico.*" Sostiene la demandante que toda vez que esa decisión fué revocada por nosotros, procede también que se revoque la sentencia dictada en este caso. Cierto es que por sentencia dictada por este tribunal con fecha 2 de febrero de 1954 se revocó la dictada en dicho caso. *Postley* v. *Secretario de Hacienda,* 75 D.P.R. 874. Ello no significa, sin embargo, que en el presente haya que revocar necesariamente la sentencia aquí dictada. Su opinión en el caso de *Postley* fué citada por dicho tribunal como uno de los fundamentos de su decisión. Es sabido que la apelación se da contra la sentencia en sí y no contra los razonamientos en que la misma se funda. *Sucn. Muñoz* v. *Cepeda,* 72 D.P.R. 593; *Bird* v. *Bird,* 69 D.P.R. 369; *Latorre* v. *Cruz,* 67 D.P.R. 743. Por tanto, el hecho de que se citara ese caso en la sentencia del tribunal a quo, y de que el mismo fuera revocado, no da lugar de por sí, a la revocación de aquélla.

El tribunal sentenciador manifestó asimismo lo siguiente:

"Además, asumiendo que la enmienda hecha a la Carta Orgánica de Puerto Rico por el Congreso de Estados Unidos en 5 de agosto de 1947 prohibiera en forma absoluta toda clase de diferencia en tipos contributivos entre ciudadanos de Estados Unidos residentes y no-residentes, la aquí demandante es una sociedad que poseía y era dueña de las acciones que produjeron el ingreso envuelto, y sabido es que la cláusula de privilegios e inmunidades de la Constitución de Estados Unidos es aplicable sólo a personas naturales y no a entidades jurídicas."

Las anteriores manifestaciones sirven de apoyo al segundo error señalado. No tiene razón la apelante. La enmienda introducida a nuestra Carta Orgánica en la fecha indicada, como se ha visto, reza así:

"Los derechos, privilegios e inmunidades de los ciudadanos de Estados Unidos serán respetados en Puerto Rico en la misma forma que si Puerto Rico fuera un Estado de la Unión y estarán

sujetos a las disposiciones del inciso 1 de la sección 2 del artículo IV de la Constitución de Estados Unidos." 61 Stat. 772, 48 U.S.C. sec. 737.

Ese inciso de la Constitución de Estados Unidos ha sido interpretado repetidamente por el Tribunal Supremo de la Nación en el sentido de que la palabra "ciudadanos" que en. el mismo se usa, se refiere únicamente a personas naturales y no a personas jurídicas. En *Paul* v. *Virginia*, 75 U.S. 168, 177, 19 L.Ed 357, 359, dicho alto Tribunal, refiriéndose a la cláusula en cuestión de la Constitución Federal, se expresó así:

"La palabra ciudadanos tal cual se usa en esa cláusula se aplica únicamente a personas naturales, miembros del cuerpo político, que deben fidelidad al estado, mas no a las personas artificiales creadas por el poder Legislativo, que poseen solamente los atributos que la Asamblea Legislativa les haya otorgado. Cierto es que se ha resuelto que cuando se han de hacer cumplir derechos contractuales o de propiedad en favor o en contra de corporaciones, los tribunales de los Estados Unidos considerarán, para fines de asumir jurisdicción, que la corporación representa a ciudadanos del estado bajo cuyas leyes se creó, y a este respecto tratará a la corporación como un ciudadano dentro de la cláusula de la Constitución que hace extensivo el poder judicial de los Estados Unidos a controversias entre ciudadanos de los distintos estados. . . .

"Pero en ningún caso que hemos podido hallar, de tribunales estatales o federales, se ha considerado a una corporación como un ciudadano dentro del significado de la disposición Constitucional que declara que los ciudadanos de cada estado gozarán de todos los privilegios e inmunidades de los ciudadanos de los distintos estados."

Igual criterio expresó el propio Tribunal en los casos de *Blake* v. *McClung*, 172 U.S. 239, 43 L.Ed. 432 y *Grosjean* v. *American Press Co.*, 297 U.S. 233, 80 L.Ed. 660. Estamos enteramente de acuerdo con lo así resuelto.

Finalmente sostiene la querellante que el tribunal sentenciador erró "al declarar que no se estableció que los socios del apelante no sufrieron el peso económico de la con-

tribución retenida y cobrada y cuya devolución se solicita."
Al discutir este error la apelante sostiene que en el estado
de Nueva York, contrario a Puerto Rico, la sociedad no tiene
personalidad jurídica separada y distinta de sus socios y que
siendo la responsabilidad contributiva de éstos, es una infe-
rencia inevitable que el peso económico de la contribución
retenida y pagada en este caso fué sufrida por los cuatro
socios que componen la sociedad demandante (designándolos)
y no por ésta. Aceptando a los fines de la argumentación
que en el estado de su creación una sociedad no tenga para
fines como el aquí envueltos personalidad jurídica distinta a
sus socios—cf. *Schwartzman* v. *Miller*, 30 N.Y. Supp.2d 882,
y casos citados a la pág. 884—discrepamos del criterio de la
demandante. Nuestra ley claramente imponía a las corpo-
raciones en cuestión la obligación de retener la contribución
aquí envuelta. Además la ley, por sus propios términos, im-
ponía la contribución a la sociedad y no a los socios. Vea-
mos: de acuerdo con la sec. 22 de la Ley de Contribuciones
Sobre Ingresos, tal cual regía durante los años aquí en dis-
cusión, 13 L.P.R.A. sec. 701(*a*), "Toda persona, cualquiera
que sea la capacidad en que actúe...y toda corporación y
sociedad que tenga el control, recibo, custodia, disposición o
pago de intereses...rentas, sueldos, salarios, comisiones, pre-
mios, anualidades, compensaciones, remuneraciones, emolu-
mentos u otras ganancias, dividendos, participación en be-
neficio de sociedades y corporaciones, y otros beneficios
o ingresos anuales o periódicos, fijos o determinables de
cualquier individuo no residente que no sea ciudadano de
Puerto Rico...deberá deducir y retener de dichas ganancias,
dividendos, beneficios e ingresos anuales o periódicos, una con-
tribución igual al veintinueve (29) por ciento de los mis-
mos; ...". La Ley de Contribuciones sobre Ingresos según
regía entonces, también disponía en su sec. 35—13 L.P.R.A.
sec. 738—que "En el caso de corporaciones y sociedades ex-
tranjeras sujetas a tributación en virtud de las secs. 661 a

807 de este título que no se dediquen a industria o negocio dentro de Puerto Rico, se deducirá y retendrá en el origen y en la misma forma y sobre las mismas partidas de ingreso que se proveen en la sec. 701 de este título, una contribución de veintinueve por ciento de dicho ingreso, y dicha contribución deberá ser declarada y pagada del mismo modo y sujeta a las mismas condiciones que se disponen en la sec. 701 de este título;..."

La demandante, conforme ya hemos indicado, es una sociedad extranjera que no se dedica a industria o negocio dentro de Puerto Rico. La letra de la ley impone claramente la contribución a la sociedad directamente. El hecho de que en el estado de su creación ella no tenga personalidad jurídica distinta a sus socios no la sitúa en manera alguna en posición de ventaja sobre sociedades creadas en estados donde no prevalece tal situación. *Ubi lex non distinguit, nec nos distinguere debemus.*

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Sifre no intervino.