Carmen, Nemesio, José Antonio, Ismael, Wilson, Elba y Edwin Márquez, los tres últimos representados por Narciso Márquez, demandantes y apelados, *v.* Margarita Avilés, demandada y apelante.[*]

Número 12053.

*Sometido:* 19 de marzo de 1957. *Resuelto:* 29 de marzo de 1957.

*García Méndez & García Hermida,* abogados de la apelante; *Bolívar Pagán,* abogado de los apelados.

PER CURIAM: Examinados los autos y estudiadas las cuestiones que plantean las partes en sus alegatos, este Tribunal es de opinión que debe modificarse la sentencia objeto de este recurso de apelación eliminando de la misma (1) la declaración de que Carmen, Nemesio, José Antonio, Ismael, Elba Lydia, Wilson y Edwin Márquez tienen derecho a una participación hereditaria en los bienes relictos al fallecer su padre Bonifacio Avilés Pérez, y (2) la concesión de honorarios de abogado en la suma de $1,000.

De acuerdo con la sec. 2 de la Ley núm. 229 de mayo 12 de 1942, según enmendada, 31 L.P.R.A. sec. 502,

---

[*] Nota del Editor: Después de compaginado este tomo el Tribunal ordenó la publicación de este caso. Por dicho motivo no aparece en el sitio que le corresponde.

los hijos nacidos fuera de matrimonio antes de la fecha de vigencia de la referida ley que no fueren reconocidos por la acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres. Véanse *Cruz* v. *Andrini*, 66 D.P.R. 124 (1946); *Fernández* v. *Sucn. Fernández*, 66 D.P.R. 881 (1947); *Montañez* v. *Rodríguez*, 67 D.P.R. 214 (1947) y *Vargas* v. *Jusino*, 71 D.P.R. 389 (1950). La herencia es una consecuencia de la filiación, y aunque el art. 1 de la Ley núm. 17 de agosto 20 de 1952 dispone que "todos los hijos tienen respecto a sus padres y a los bienes relictos por éstos, los mismos derechos que corresponden a los hijos legítimos", dicha disposición de ley se aprobó únicamente con el propósito de poner en vigor las disposiciones de la Sección 1 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico que dispone lo siguiente: "La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la ley. No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas. Tanto las leyes como el sistema de instrucción pública encarnarán estos principios de esencial igualdad humana." En el Informe de la Comisión de la Carta de Derechos y en los debates de la Convención Constituyente se aclaró fuera de toda duda que "a los fines de herencias y propiedades las modificaciones resultantes de esta sección (aludiendo a la referida sección 1ra de la Carta de Derechos) *no deberán ser retroactivas a nacimientos ocurridos antes de su vigencia*". Véase Diario de Sesiones, Procedimientos y Debates de la Convención Constituyente de Puerto Rico, pág. 520–525.

En el caso de autos todos los demandantes nacieron con anterioridad al año 1941 cuando su padre Bonifacio Avilés Pérez era casado con Doña Josefa Cruz Barreto. Por tanto.

es obvio que sólo pueden considerarse hijos naturales a los efectos de llevar el apellido de su padre, ya que en ningún momento fueron reconocidos por acción voluntaria de éste ni tampoco por la de las personas con derecho a la herencia de Bonifacio Avilés Pérez.

*Así modificada, deberá confirmarse la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.